[No. 23878. Department Two. December 22, 1932.]

W. A. MANSON, *Appellant*, v. W. E. FOLTZ *et al.*,
*Respondents.*[1]

*R. M. Smith,* for appellant.

*A. H. Denman,* for respondents.

[1]Reported in 17 P. (2d) 616.

STEINERT, J.—By this action, plaintiff seeks relief from a decree, rendered in a former action, which cancelled and forfeited a real estate contract wherein defendants were vendors and plaintiff was vendee. The complaint herein consists of five separate causes of action. Defendants' demurrer to each of the causes of action was sustained. Plaintiff elected to stand upon his complaint, whereupon the court entered a judgment of dismissal with prejudice, from which plaintiff has appealed.

On April 14, 1923, Foltz and wife, as vendors, entered into a contract with Manson, as vendee, for the sale by the former and purchase by the latter of certain real estate. In June, 1930, Foltz and wife, claiming that Manson was in default in his payments, began an action in the superior court to cancel and forfeit the contract. A judgment was entered November 1, 1930, determining the amount of the arrearage in the sum of four hundred dollars, and decreeing that the contract be declared null and void unless Manson, the vendee therein, paid the amount of arrearage into the registry of the court on or before December 1, 1930. Manson took an appeal from that judgment to this court on November 19, 1930. The appeal was argued on October 6, 1931, and the judgment affirmed on October 31, 1931. *Foltz v. Manson*, 164 Wash. 692, 4 P. (2d) 509. The remittitur went down on December 11, 1931, and was filed in the lower court on December 12, 1931. Thereafter, on January 16, 1932, the trial court entered another judgment, reciting the result of the appeal, further reciting that Manson had made no payment but had continued in possession of the property, adjudging full title to be in the vendors, and directing that a writ of execution issue to put the latter in possession. No appeal was taken from the latter judgment. The ap-

pellant then began this action to obtain relief from the judgment and decree in the former action.

The only question involved here is whether the complaint herein states any cause of action.

■ The first cause of action alleges that an oral demurrer to appellant's cross-complaint in the former action was sustained by the court, and that thereafter, over the objection of the appellant, the court made certain findings of fact wholly unsupported by any evidence relating to the issue; that, in affirming that judgment, the supreme court held that, in the absence of evidence to the contrary, the court was bound to assume that such evidence had been introduced, and that it supported the findings. There was a further allegation that the unsupported and unwarranted findings were intended by the plaintiff in that case to prevent the supreme court from reversing the decision of the trial court.

Reference to our opinion in the former case discloses that no statement of facts was filed in that appeal, and we were therefore required to assume that the court's findings were supported by the evidence. The issue tendered in appellant's first cause of action in this case is foreclosed by our former decision. That issue was one properly presentable upon that appeal, and if appellant conceived that the findings and judgment had no support in the evidence, he could have, and should have, brought the matter to our attention by statement of facts filed in the case. He cannot now re-litigate that issue.

■ In the second cause of action, appellant alleges that the judgment entered by the trial court on November 1, 1930, was affirmed without modification; that thereafter, on January 16, 1932, upon the filing of the remittitur, the trial court entered a second judgment in the case, not in accord with the original judgment

that had been affirmed by the supreme court. The only specific change in the second judgment, referred to by the appellant, is that, in the first judgment, the court had ordered that a writ of assistance should issue to put the vendors in possession, while the second judgment granted the same relief by writ of execution. These allegations, we think, are mere quibbles, and too trivial to warrant consideration.

The third cause of action alleges that, after the appeal had been taken in the former case, respondents demanded that appellant pay the installments accruing upon the contract after the award of the judgment, and that, in compliance with such demand, appellant paid the installments falling due on the contract in November and December of 1930, and January and February of 1931, totaling one hundred dollars; that, by reason of accepting such payments, respondents had waived the right to claim a forfeiture of the contract.

It is true that the right of forfeiture may be waived by the party entitled thereto, but it is just as true that the intent to waive such forfeiture must be clear and unequivocal.

"To constitute waiver otherwise than by express agreement, there must be unequivocal acts or conduct of the vendor evincing an intent to waive. Nothing short of this will amount to a waiver. Conduct of the vendor which does not thoroughly show that he regards the contract as in full force and effect does not establish a waiver." *Surry v. Baker,* 132 Wash. 188, 193, 231 Pac. 791.

The vendors had declared a forfeiture, and had prosecuted their action to a successful conclusion. The court granted an indulgence to appellant by giving him until December 1, 1930, to pay up the arrearage. The appellant remained in possession of the property, and took an appeal. During the pendency of the appeal,

he made four payments. At the time that the appeal was argued, more than eight months had elapsed after he discontinued payments.

If, as he contends, the acceptance of partial payments waived the forfeiture, then the subject matter of that action was gone, and with it the basis of the appeal in that case. Yet appellant neither called that fact to the attention of this court, nor in any manner put the respondents upon notice of the position that he now assumes; he reserved that for the present action. He took a chance of obtaining a reversal on other grounds, retaining a final arrow in his quiver on which to string another shot. We think his plan of attack was faulty. He deployed when he should have concentrated, and thereby lost what force and effect, if any, his attack might otherwise have had.

Furthermore, acceptance of partial payments of money, with no certainty of continuance during the progress and prosecution of an appeal without supersedeas, and while appellant remained in possession, enjoying the rental use of the property, was not an unequivocal act on the part of the vendors evidencing either a relinquishment of the rights secured by them under the judgment, or a waiver of forfeiture of the contract.

In addition to this, the judgment of the trial court, entered after the appeal had been determined, and which was by reference made a part of the cross-complaint in that action, specifically recites that appellant had paid nothing under the indulgence granted by the court. That recital is inconsistent with the other allegations of the cross-complaint that payments had been made. The position taken by the appellant in this cause of action is wholly untenable.

In the fourth cause of action, it is alleged that, although the complaint in the former action described

the property in question as the community property of the respondents, the trial court found that the husband had no interest therein; that, nevertheless, the judgment was drawn in favor of both respondents. It is further alleged that the husband's right to any judgment was challenged upon the former appeal, but that the challenge was not passed upon. If the challenge was not sustained, it must be considered as having been denied. The matter alleged in this cause of action is now *res adjudicata* by virtue of our former decision.

In the fifth cause of action, it is alleged that appellant never was in default of his payments, and that to permit forfeiture after appellant had paid the major part of his installments would wreak a grave injustice. Both of these contentions were involved in the former appeal and are now foreclosed.

The demurrer was properly sustained, and the judgment is, therefore, affirmed.

TOLMAN, C. J., BEALS, and MAIN, JJ., concur.