No. 28,296.

FRANK E. JOHNSON, *Appellee*, v. AUSTIN DUMOND and THE BANKERS MORTGAGE COMPANY, *Appellants*.

(270 Pac. 578.)

Opinion filed October 6, 1928.

*J. A. Fleming,* of Topeka, *Oscar Foust, John W. Brown* and *Kenneth H. Foust,* all of Iola, for the appellants.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The plaintiff began this action against the defendants in Woodson county to recover the purchase price of a bond which defendants had failed to deliver. Service of summons was procured on Dumond in that county and on the Bankers Mortgage Company in Shawnee county. Dumond filed a motion to dismiss the action on the ground that the petition, as to him, did not state a cause of action. The mortgage company appeared specially and moved to quash the service of summons on the ground "that the petition showed that the action was not rightly brought in Woodson county." Both motions were overruled, whereupon the mortgage company demurred to the petition. The demurrer was overruled and the mortgage company appeals.

The question presented is whether the petition stated a cause of action against both defendants, *i. e.*, whether the district court of Woodson county acquired jurisdiction of the mortgage company.

The motion to quash filed by the mortgage company was in the nature of a general demurrer. It challenged the jurisdiction of the court on the ground that the petition showed that the action was not rightly brought in Woodson county, or, in other words, that the petition failed to state facts sufficient to state a cause of action against it and Dumond.

The petition alleged substantially that Dumond was the duly qualified and acting agent in soliciting business for the mortgage company; that he received, as remuneration therefor, certain commissions on the amount of business procured and that, acting for himself and as agent of the defendant mortgage company, he solicited plaintiff to purchase a bond from the mortgage company in the sum of $500; that plaintiff agreed with Dumond to purchase the bond of the company and turned over to Dumond government bonds of the value of $500; that Dumond, acting for himself and as agent of the company, promised forthwith to deliver the bond purchased to the plaintiff; that Dumond took plaintiff's money and thereafter promised to return it to the plaintiff, but has not done so; that afterwards, Dumond gave it to the defendant company; that the company accepted it and still has it; that Dumond and the mortgage company, by and through their agent, Dumond, obtained $500 in property from plaintiff without any consideration and have made no restitution therefor.

The mortgage company takes the position that the petition stated no cause of action against Dumond, and therefore the court acquired no jurisdiction in Woodson county. We cannot concur in this contention. Segregating the allegations against Dumond, the petition, among other things, states in substance that "Dumond, acting for himself, solicited plaintiff to purchase a bond; that plaintiff agreed with Dumond to purchase a bond and in consideration therefor turned over to Dumond government bonds of the value of five hundred dollars; that Dumond, acting for himself, promised forthwith to deliver the bond purchased to the plaintiff; that Dumond took plaintiff's money and thereafter promised to return it to plaintiff, but has not done so; that Dumond obtained five hundred dollars in property from plaintiff without any consideration and has made no restitution therefor."

We are of opinion that, notwithstanding other allegations of the petition that might modify the quoted allegations, they are, so far as their legal effect is concerned, to be taken as true, and that

they state a cause of action against Dumond. Without further enumerating the allegations of the petition, so far as the mortgage company is concerned, we are of opinion they stated a cause of action against it. Therefore, the trial court was not in error in overruling the motion to quash nor in overruling Dumond's motion to dismiss.

It is strongly contended that the court erred in overruling a demurrer filed by the mortgage company on the ground that the court had no jurisdiction of the defendants or the subject of the action; that several causes of action were improperly joined; that the petition did not state facts sufficient to constitute a cause of action, and that the petition showed on its face that Dumond was only an adventitious defendant. The petition, as heretofore observed, stated a cause of action against both defendants, and was not improperly filed in Woodson county. A contention that several causes of action were improperly joined, because the petition showed on its face an action in tort against Dumond and one on contract against the mortgage company, cannot be sustained. The setting out in the pleadings of a copy of a written application by the plaintiff to the mortgage company did not constitute the action one on contract. It was merely a stating of the facts, a matter by way of inducement showing the right of plaintiff to recover against both defendants. There was no error in overruling the demurrer.

The judgment is affirmed.