No. 29,138.

Frank E. Johnson, *Appellee*, v. Austin Dumond, and The Bankers Mortgage Company, of Topeka, *Appellant*.

(287 Pac. 249.)

Opinion filed May 3, 1930.

*J. A. Fleming,* of Topeka, and *Kenneth H. Foust,* of Iola, for appellant The Bankers Mortgage Company.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action to recover from the Bankers Mortgage Company and Austin Dumond the sum of $500 paid by the plaintiff to Austin Dumond for a coupon bond to be issued by the Bankers Mortgage Company, which was offered for sale and being sold by defendant Dumond.

The case was here before on appeal, by the mortgage company, from the decision of the trial court overruling a motion to quash the service of summons and a demurrer to the petition. The ruling of the trial court was affirmed and the case is reported in 126 Kan. 655, 270 Pac. 578.

Later the mortgage company filed an answer setting up, among other defenses, the limited authority of defendant Dumond to sell its coupon bonds only to such applicants as should deliver to him a check for the amount of the bonds purchased, made payable to the Bankers Mortgage Company, and that the application signed by plaintiff notified and advised plaintiff of such limitation of authority. To this answer a reply was filed pleading waiver of such limitation by the mortgage company and ratification of the acts of its representative, Dumond. No answer or further defense was made by defendant Dumond.

The trial was had to the court without a jury. Extended findings of fact and conclusions of law were made and judgment was rendered in favor of the plaintiff against both defendants, from which the mortgage company appeals.

The court found that the application which the plaintiff signed for the purchase of the coupon bond and the receipt which the defendant Dumond gave him for the $500 had printed on the bottom thereof, under the signatures of the plaintiff and defendant Dumond, the following words, which agree with what is printed on one of the exhibits introduced in evidence:

"The Bankers Mortgage Company is not responsible, unless check or draft for the full amount is made payable to the Bankers Mortgage Company and indorsed by one of its officers."

The court further found the application and receipt were dated May 3, 1927; that plaintiff that day gave Dumond $500 in government bonds in lieu of cash or check; that Dumond wrote the mortgage company on June 4, 1927, sending his own personal check in favor of the mortgage company for $485 and the application of the plaintiff for a $500 coupon bond, with the statement that he had taken Liberty bonds in on the deal which had been cleared at his bank; that the mortgage company on June 6 acknowledged receipt of the same, thanking him for the business and hoping he might get more like it, and the same day forwarded the check to the bank on which it was drawn, asking for a draft; that on the same day the plaintiff wrote the mortgage company to know the cause of delay in sending the coupon bond and demanding that if it be not in his hands by June 9 he would expect a refund of the $500; that the mortgage company answered plaintiff on June 9, stating that Dumond had sent his own personal check, and assured him the coupon bond would be sent as soon as the check could be cleared; that on June 20 plaintiff wrote the mortgage company demanding the return of the money and stating he did not now care to have the coupon bond; that on June 23 the mortgage company wrote plaintiff it was returning his application to Dumond and also the personal check of Dumond which had failed to clear, and called his attention to the printed requirement at the bottom of the receipt; that other letters and telegrams were sent the mortgage company by plaintiff and his attorneys demanding the return of the money and declining to accept the coupon bond; that on August 10 the mortgage company acknowledged receipt of telegram from plaintiff,

dated August 5, declining to accept the coupon bond; that on August 11 the mortgage company sent plaintiff the coupon bond, which was not accepted.

The concluding findings of the trial court are as follows:

"The court further finds that the defendant mortgage company fully ratified the transaction of its representative, defendant Dumond.

"The court further finds that it waived the conditions of the contract of purchase made by plaintiff by acknowledging from its representative, defendant Dumond, the receipt of the order on June 6, which order was executed and dated May 3, by congratulating him for the business and the manner of its procurement.

"Further finds that on the 23d of June, having returned the contract of purchase signed by plaintiff, sending the same to its representative, Dumond, that it afterwards negotiated with its representative Dumond and made settlement with him for the full amount, and that this was long after plaintiff had demanded the return of his money, and declined to go through with the contract of purchase.

"The court further finds that plaintiff should have and recover of and from the defendants, Dumond and the Bankers Mortgage Company, the sum of $500, together with six per cent interest from May 3, 1927, and costs of action."

The record further shows that just prior to the trial the mortgage company tendered plaintiff a coupon bond for $500 and thereafter, when rejected, it tendered cash for $250 and assignment of a note of Dumond for $250 with the cash for the payments thereon, reducing it to $117 not paid, which offer was also refused. The record further shows that the officers of the mortgage company had taken up the Dumond note for balance of $117 and paid the mortgage company therefor, the mortgage company in that way receiving the full amount of $500.

Appellant insists that it should be protected by the limitation of authority printed on the application and receipt of which the plaintiff had full knowledge when he disregarded it and gave the government bonds to Dumond instead of a check in favor of the mortgage company. This limitation was reasonable and made expressly for the protection of the interests of the mortgage company, and it may be conceded for the purposes of this case that if the mortgage company had strictly adhered to its own rule and requirement, and insisted upon a compliance therewith, the plaintiff might have been compelled to look to Dumond alone for the value of the government bonds he gave Dumond in disregard of the express direction. The

mortgage company might have returned the application and Dumond's check for a check of plaintiff in compliance with the requirements. Anything it might have done to have the plaintiff meet the requirement would not have lost the company the protection intended to be afforded by the printed requirement, but when it accepted something as a substitute for the thing required from the plaintiff it waived its rights under such protection. The letters acknowledging the receipt of the application and the Dumond check, the acceptance of the Dumond check, the endeavor to get a draft therefor and the subsequent efforts to collect the check from Dumond all show a waiver of the right of the mortgage company to stand upon the strict requirement as to limited authority and show a ratification of the act of the defendant Dumond as its representative in taking the bonds instead of a check made payable directly to the mortgage company. There can be no question but that these acts of the mortgage company were with an intention on its part to relinquish its contract rights and to treat the Dumond check as a substitute for the direct check to it from the plaintiff, and constituted a waiver of its rights under the limitation of authority.

"To constitute a waiver of a contract right there must be a clear, unequivocal and decisive act of the party showing an intention to relinquish the right, or acts amounting to an estoppel on his part." (*Cure v. Insurance Co.,* 109 Kan. 259, syl. ¶ 2, 198 Pac. 940. See, also, *Quigley v. Comm'rs of Sumner Co.,* 24 Kan. 293; *Capper v. Paper Co.,* 86 Kan. 355, 121 Pac. 519; *Street Lighting Co. v. City of Wichita,* 101 Kan. 452, 168 Pac. 1090; *Harpham Brothers Co. v. Perry,* 118 Kan. 457, 235 Pac. 1039; *Hurlbut v. Butte-Kan. Co.,* 120 Kan. 205, 243 Pac. 324; *Musgrave v. Equitable Life Assurance Society,* 124 Kan. 804, 262 Pac. 571; *Arkansas River Gas Co. v. Molk,* 130 Kan. 30, 285 Pac. 561.)

Appellant further contends that the evidence does not support these findings of the trial court as to waiver and ratification. The evidence was nearly all documentary and there is no apparent conflict in the oral evidence introduced. The appellant's attitude was consistent with the limitation to the extent of withholding the coupon bond, but there was an abundance of evidence showing an intention to accept a substitute in disregard of the contract requirement.

Appellant suggests that the subsequent act of the mortgage company in attempting to collect the money from Dumond was in response to a personal appeal of the plaintiff and with a desire to assist him, and therefore the company should not be penalized for

its efforts in his behalf. The prompting sentiment is commendable, but we think the requirement was sufficiently relaxed on the 6th of June, when the substitute check was accepted, at which time its acceptance appeared to have been prompted by the natural desire for additional business, and the subsequent helpful efforts could not restore the matter to the status originally intended.

Although the defendant Dumond has permitted the judgment to be rendered against him by default, yet the mortgage company still adheres to its original position maintained in the former appeal, that the court is without jurisdiction because the facts do not warrant or justify a judgment against the defendant Dumond, and, if not, then the district court of Woodson county would be without jurisdiction over the appellant on service made in another county. The findings of the trial court cover the acts and obligations of defendant Dumond as well as those of the appellant, and as far as we can observe every necessary element of liability of Dumond is covered in the findings and supported by the evidence.

The judgment is affirmed.