ELIJAH F. STONE *et al.*, Respondents, v. DENNIS P. SLATTERY'S ADMINISTRATOR, Appellant.

St. Louis Court of Appeals, May 22, 1897.

1. **Attorneys**: DOUBLE EMPLOYMENT: EVIDENCE: INSTRUCTION. In an action against an administrator for attorney's fees, for services rendered by plaintiffs for the deceased in a condemnation proceeding, wherein plaintiffs acted in a double capacity, testimony that the deceased knew of plaintiff's employment by the other parties to such proceeding, and had stated that he did not intend to pay them anything on that account, but it did not appear when he learned of such employment, it was sufficient evidence to submit the question by instruction to the jury.

2. ———: ———: PUBLIC POLICY. The double agency of plaintiffs in such proceeding was not void as against public policy, where it appeared from the evidence that the interests of the other parties to the proceeding were not antagonistic to those of the deceased.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED; Judge BOND, concurring, Judge BLAND not sitting.

No briefs filed.

BIGGS, J.—In 1892 the defendant and one Mansur owned a triangular piece of ground situated at the intersection of Lindell, Vandeventer and McPherson avenues in the city of St. Louis.   Slattery owned the

portion fronting on Vandeventer avenue. In January, 1892, the plaintiffs, who are attorneys at law, devised the plan of having this tract of land condemned by the city for street or boulevard purposes. The largest owners of property in the immediate vicinity of the lot, among whom were Collins, Gordon and Papin, were very much in favor of the project, as they were apprehensive that a hotel, beer garden, theater or some such structure might be erected on the lot, thereby decreasing the value of their property for residence purposes. The plaintiffs circulated a petition and obtained thereto the signatures of many property owners, asking the board of public improvements to recommend to the city council the passage of an ordinance for the condemnation of the lot. The petition was presented and acted on favorably. Then followed the passage of the ordinance, and the city counsellor was instructed to institute the necessary proceedings. Thereupon a condemnation suit was brought, in which Slattery, Mansur and the property owners whose property was supposed to be benefited, were made defendants. Commissioners were appointed to assess the damages and to apportion the amounts assessed among the property owners. They assessed the value of Slattery's portion of the lot at $26,500. Slattery filed exceptions to the report, and so did several property owners whose property the commissioners had assessed with supposed benefits. Subsequently the larger property owners were induced to subscribe $5,000 for the purpose of satisfying those who were objecting to the burden that the commissioners had imposed on their property. This object was attained and the objectors withdrew their exceptions. Afterward Slattery also dismissed his exceptions. Thereupon the report of the commissioners was approved by the circuit court and the amount of the award was paid to Slattery. The

plaintiffs' claim that in all of the foregoing proceedings they represented Slattery as his attorneys. In this action they sue for the reasonable value of their services, which they place at $2,500, for which, less a payment thereon of $150, judgment is asked. The answer is a general denial and a plea of payment. There was a trial before a jury and a verdict was rendered in favor of the plaintiffs for the amount sued for. Slattery appealed. Soon thereafter he died, and his administrator was substituted as a party to the action. The complaints in this court are that the circuit court erred in refusing to direct a nonsuit, and that the instructions that were given do not properly declare the law.

Slattery denied that he had employed the plaintiffs to act for him in the condemnation proceedings or that they did so act. On the contrary he contended that the plaintiffs appeared as the attorneys or representatives of Collins, Gordon and Papin, whose interests in the litigation were diametrically opposed to his own. There was evidence tending to prove that the plaintiffs were acting in the interests of Slattery and Mansur from the inception of the scheme to condemn the property, and that they so acted at the request of these parties. Counsel for appellant concedes this in his brief. There was proof that the plaintiffs were also employed and paid by Collins, Gordon and Papin to represent them in the proceedings. The court of its own motion instructed the jury as follows:

"If you believe and find from the evidence in this case that the plaintiffs rendered services at the request of the defendant in and about the property then owned by the defendant condemned and appropriated for public use, or that they rendered such services under an agreement with the defendant, then you should find in favor of the plaintiffs in such sum as you may find from

the evidence to be the reasonable value of the services so rendered by the plaintiffs, less the sum of $150 of which the plaintiffs acknowledge the receipt.

"But, if in addition to the facts above supposed you also find and believe from the evidence that the plaintiffs also acted for and represented other persons owning property in the vicinity of the property in question, and against whom benefits might be assessed on account of the appropriation of said triangular piece of property for public use, and received compensation from such other persons for services rendered by them in said matter, then the plaintiffs are not entitled to recover in this action, unless you further find from the evidence that the defendant, Slattery, and said other persons owning such other property, knew and consented that the plaintiffs should so act in behalf of and for said other property owners, and in behalf of and for the owners of the triangular tract, which was the subject of said condemnation or appropriation proceedings, in the matter of said appropriation to public use, of said triangular tract.

"Nor are the plaintiffs entitled to recover anything in this case unless you believe and find from the evidence that the services for which the plaintiffs seek compensation in this case were rendered by them at the request of the defendant, Slattery, or under an agreement that he was to compensate them therefor. But it is not necessary that such agreement to compensate the plaintiffs (if any such agreement was made) need specify the amount to be paid."

One objection to this instruction is that there is no substantial evidence that Slattery knew of or consented to the employment of plaintiffs by Collins, Gordon and Papin. This presents a close question under the evidence. Plaintiffs did not testify that they directly informed Slattery

ATTORNEYS: double employment: evidence: instruction.

of the double employment, but they testified in a general way that he must have so understood it, as the capacity in which they acted was well known to Collins, Gordon and Papin and Mansur. The only direct testimony tending to prove such knowledge by Slattery is that of the witness Barrett, who testified that about the time of the final settlement of the condemnation suit, Slattery told him that he (Slattery) did not intend to pay plaintiffs anything, as they had accepted employment and collected fees from Collins, Gordon and Papin, and that he did not think they were entitled to represent everyone who had an interest in the suit. He did not state to Barrett when he learned of the double employment, but when all of the facts and circumstances are considered the inference is a just one that he was advised of it from the beginning. Mansur, Papin, Gordon and Collins knew of it, and it would be strange if Slattery, who had the greatest interest, was ignorant of it. Hence we conclude that there was sufficient evidence to carry the question to the jury.

The further objection is made that the double agency of the plaintiffs was void as being against public policy, and that the law will not recognize any of their pretended rights growing out of it; and it is urged that the demurrer to plaintiffs evidence ought, therefore, to have been given. The argument in support of this is, that the interests of Slattery on the one side were directly opposed to those of Collins, Gordon and Papin on the other, and that the plaintiffs could not represent one without being recreant to their trust to the other. This contention, we believe, is not supported by the true facts of the case. Plaintiffs testified that the interest of Slattery was not really antagonistic to that of Collins, Gordon and Papin, as the latter were willing and anxious to pay their proportion of whatever amount the

*ATTORNEYS: double employment: public policy.*

commissioners might award to Slattery, and that their sole purpose in employing the plaintiffs was to prevent the defeat of the condemnation by the landowners who were objecting to the assessments against their property.

The court gave two instructions at the instance of the plaintiffs. These instructions are subject to some criticism. However, we do not think it would serve any good purpose to set them out or to discuss the objections made to them, as the defects are not of such a character as to justify a reversal of the judgment.

The judgment of the circuit court will be affirmed. Judge BOND concurs; Judge BLAND is absent.