ORPHA BROWN, *Appellee,* v. THE HOME INSURANCE
COMPANY OF NEW YORK, *Appellant.*

No. 16,511.

### SYLLABUS BY THE COURT.

1. INSURANCE—*Validity of Renewal Contract—New Policy Not Issued Nor Premium Paid at Time of Loss.* A parol contract to renew an existing contract of insurance, between those having authority to contract, by which the same property was to be insured again upon the same terms and conditions as in the original policy, is binding upon the parties although a policy for the new insurance was not issued nor the premium paid when the loss occurred, providing a credit is given and the payment of the premium is not a condition precedent to the validity of the contract.

2. ——— *Parol Renewal on Same Conditions as Original—Approval by Company.* A stipulation in a renewal contract that the property shall be insured on the same terms and conditions as in the former contract is interpreted to include the essential elements of a contract of indemnity, and does not refer to the steps or methods by which the original contract was reached or executed.

3. ——— *Authority of Agent—Approval of Contract by Principal.* The fact that the representative of the insurance company had no authority to consummate the original contract of insurance and that the approval of the home office was necessary to its validity is no reason why the renewal contract, made by the same agent, should be likewise approved, where it appears that such agent had in the meantime been clothed with authority to consummate contracts and to issue policies.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed May 7, 1910. Affirmed.

*F. M. Harris,* and *Fyke & Snider,* for the appellant.
*C. L. Randall,* and *S. T. Seaton,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover on a preliminary parol contract of insurance. In 1904 the Home Insurance Company of New York issued a policy

of insurance on a barn and other property belonging to Orpha Brown. In August, 1907, the insured, thinking that her policy was about to expire, applied to F. E. Fiehler, the agent of the company at Wellsville, for a renewal of the contract of insurance, and although the former contract did not expire for about four months the agent agreed to renew the insurance on the same conditions and for the same premium as in the former contract. On January 8, 1908, before a written policy had been executed and delivered, the barn was burned. Later Mrs. Brown tendered the agreed premium and also proof of the loss, but the insurance company denied the existence of a contract of insurance or that its agent had authority to make one. This action was then brought, and it resulted in a verdict for the full amount claimed by the plaintiff.

About the existence of the original contract of insurance there is no question, nor is there any dispute that negotiations were had between the agent of the company and Mrs. Brown for the renewal of the insurance. There is in fact no claim that a renewal contract, with an authorized agent of the company, in which the terms and conditions of the contract were agreed upon, would not be binding even although no premium had been paid or policy issued. The contention is that the appellee based her action upon an agreement that the terms and conditions of the new contract were to be the same as the old one, and that one of the conditions of the old contract was that it should not go into effect until it was approved by the home office in Chicago. It appears that when the first contract was made Fiehler was only a subagent, or soliciting agent, without authority to complete contracts or issue policies of insurance. Before the renewal contract was made he had been vested with the authority of a local agent and empowered to issue policies the same as other representatives of insurance companies, and upon request of the company a license had been issued to him by the state superintend-

ent of insurance. When the renewal contract was made no intimation was given to appellee that the approval of the home office of the company was required or that Fiehler was acting in any other capacity than as a general agent of the company.

The contention that one of the conditions of the renewal contract was the approval of the home office, because that step was necessary to the completion of the original one, is not sound. It is true that the terms and conditions of both contracts were to be alike, but approval by the home office was not written in the policy nor made a part of the first contract of indemnity. In the application for the original insurance there was a statement that the action of the agent was not binding on the company before the contract had been approved, but that was only a preliminary step toward the completion of a contract, made necessary because the company had then no one in Wellsville with authority to consummate a contract. The essential elements of the original contract imported into the renewal contract were that the identical property originally insured, in which there appears to have been no change, should be reinsured upon the same valuation, for the same time and for the same premium as in the original contract. The terms and conditions to which the parties referred related to indemnity, and not to the methods of reaching or executing the contract. The authority of the agent was no longer a matter of concern to anyone. When the renewal contract was made the company was represented by an agent clothed with apparent and real authority to make a complete and binding contract. He dealt with appellee as one having authority, and not as a mere soliciting agent, and appellee had the right to assume that he had the authority which he appeared to have. All of the essential elements of a contract were agreed upon. No restrictions of authority were mentioned, and there was no suggestion that a subsequent approval of the contract by anyone else would be necessary. No

policy had been issued, it is true, but a binding contract of insurance may be made without the issuance of a policy. (*Insurance Co. v. Stone*, 61 Kan. 48; *Insurance Co. v. Corbett*, 69 Kan. 564.) It is for a breach of the parol contract and the resulting loss that the action was brought and damages awarded. The premium was not paid when the contract was made, but it appears that a credit was given; at least, a cash payment was not exacted. Probably the agent intended to collect the premium when the policy was delivered. The acceptance of a promise to pay or an arrangement to allow the premium to stand as a charge against appellee is enough to complete the contract, and it was therefore as binding upon the parties as if payment had in fact been made. (*King v. Cox*, 63 Ark. 204; *Baldwin v. Phœnix Ins. Co.* [Ky.], 54 S. W. 13; Richards Ins., 3d ed., pp. 205, 281.)

No error being found, the judgment of the district court is affirmed.