CHARLES M. WILSON et al., Partners, etc., *Appellees,* v.
THE GERMAN-AMERICAN INSURANCE COMPANY, *Appellant.*

No. 18,333.

**SYLLABUS BY THE COURT.**

INSURANCE—*Oral Contract—Written Policy Not Completed—
Company Liable.* The owner of property contracted with an
agent representing several insurance companies to insure
property for a certain amount, but did not designate the par-
ticular company in which the insurance should be taken, and
at the same time he paid the premium and arranged with the
agent to hold the policy and thereafter to keep the property
insured. A policy was issued in a company, which shortly
afterwards was canceled, and the agent then placed the in-
surance in another company represented by him, and that
policy, too, was canceled. He then placed the insurance in
the defendant company and began to write out a policy, but
an interruption prevented its completion at the time and be-
fore it was finished the property was destroyed by fire. *Held:*
(1) That the steps taken by the authorized agent of the com-
pany constituted a binding contract of insurance with the
defendant; (2) that under the contract as pleaded the failure
to furnish proofs of loss did not operate as a forfeiture; (3)
that the action of the agent in agreeing with the property
owner to hold the policy and keep his property insured was
not repugnant to the duty of the agent to the defendant, nor
did it affect the validity of the contract of insurance.

Appeal from Shawnee district court, division No. 1.
Opinion filed July 5, 1913. Affirmed.

*Z. T. Hazen, R. H. Gaw,* both of Topeka, *Thomas
Bates,* and *Seymour Edgerton,* both of Chicago, Ill., for
the appellant.

*Eugene S. Quinton,* of Topeka, *T. H. Stanford,* and
*G. T. Stanford,* both of Independence, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action begun by the
appellees, Charles M. Wilson and P. L. Montague, as
partners, to recover upon a contract of insurance be-

tween them and the appellant, the German-American Insurance Company. The facts in the case are not in dispute. Charles F. Yost was the agent of several insurance companies at Caney, among them the appellant, and was intrusted with signed policies with power to complete contracts and to fill out and deliver policies as occasion required. In 1909 the appellees owned an airdome theater, which they converted into a skating rink of steel construction with a pyroid roof. After the completion of the improvements they contracted with Yost for insurance on the building for $375, and on the stage equipment, picture machine and other property in the building to the amount of $500, without designating the company in which the insurance should be taken. The premium was paid and received, and at the same time it was arranged that Yost would place the policy in his safe and should thereafter keep the property insured. Policies were written by him on the property in two other companies which he represented, one after the other, but upon directions from each of these companies the policies issued were canceled, and then he determined to place the insurance with the appellant. After resolving to insure with appellant he began to write out the policy, but darkness intervened and he concluded to postpone the completion of the policy until the following morning. During the night the building was totally destroyed by fire, and no policy was ever delivered to appellees by appellant or its agent. After the fire Yost informed appellees of the action he had taken, but refused to complete and deliver the policy to them. At first they undertook to enforce the policies which had been issued by other companies and thereafter canceled, but finally pressed their claim against appellant to a judgment, from which an appeal has been taken.

It is first contended that the contract of insurance not being in writing is subject to the terms and conditions contained in the written policies usually and customarily issued by the appellant. One of the conditions

of these policies, it is said, was that proofs of loss should be furnished within sixty days, and that no action could be maintained for a loss unless compliance with this requirement had been made. No proofs of loss were furnished by appellees, and in explanation of this omission they say that it resulted from the refusal of the appellant to give them a policy from which they could learn the conditions of policies customarily issued by the appellant. Failure to make proofs of loss within a specified time, however, does not operate to forfeit the rights of the insured unless there is an express provision in the policy imposing a forfeiture for noncompliance with the requirement. (*Insurance Co. v. Owens,* 69 Kan. 602, 77 Pac. 544.) It is said that there was a provision in the policy usually issued by the appellant that no action could be maintained or recovery had until proofs of loss were made, but the condition pleaded in the answer upon which the case was tried does not provide for a forfeiture of any kind. In the form of policy introduced in testimony a forfeiture clause is written, but the case must be considered and determined upon the issues formed by the pleadings in the trial court. Under the circumstances the appellant is hardly in a position to complain of the omission to furnish proofs of loss. It is insisting on compliance with the conditions of a contract and denying that a contract was made. It is insisting that appellees shall observe the requirements of the policy usually issued and still refuses to issue or furnish the policy which would inform and enable appellees to comply with its conditions. The furnishing of proofs of loss is for the benefit of the insurer, and when the company withholds the policy and the necessary information it ought not to be permitted to take advantage of its own neglect. In any event, the failure to furnish the proofs did not operate as a forfeiture of any condition named in the answer of appellant.

It is next contended that a valid contract of insurance was never made between the parties. Yost was an

agent of appellant, with authority to complete contracts and to issue policies. A contract made by him is as binding in its effect as if it were made by any officer or representative of the company. Although no policy was issued, a contract was in fact made, and, as has been determined, a binding contract of insurance may be made without the issuance of a policy. (*Insurance Co. v. Stone,* 61 Kan. 48, 58 Pac. 986; *Insurance Co. v. Corbett,* 69 Kan. 564, 77 Pac. 108; *Brown v. Insurance Co.,* 82 Kan. 442, 108 Pac. 824.)

Another contention is that Yost was the agent of the insured as well as of the insurer, and that the interests were so conflicting that any contract made by him was without force. The arrangement that the agent should retain the policy when issued and keep the property insured thereafter is the only basis for the claim that he was acting as the agent of appellees. There is nothing substantial in the claim of agency of the insured, and in any event nothing approaching a conflict of interests. It is a common practice among agents to notify the insured of the expiration of their policies and to send renewals to those who have been insured with the companies represented by them. These are duties which the companies expect the agents to perform. While it is a convenience to the insured, it is really done in the interest of the insurer in order to hold the patronage of the insured. The fact that the policy was to have been left in the safe of the agent after the contract was made was a mere matter of accommodation to appellees, and did not operate to create a conflicting agency any more than the custody of a written contract by one of the parties to it would make him the agent of the other. No evidence was offered to show, nor in fact was there any claim, that there was fraud in the transaction or collusion between Yost and the appellees. Duality of agency is permissible under the law in some instances. Thus it has been said:

"The maxim that 'no man shall serve two masters' does not prevent the same person from acting as agent,

for certain purposes, of two or more parties to the same transaction when their interests do not conflict, and where loyalty to the one is not a breach of duty to the other." (*Nolte v. Hulbert*, 37 Ohio St. 445, 447.)

(See, also, *Todd v. German American Insurance Co.*, 2 Ga. App. 789, 59 S. E. 94; *Herman v. Martineau*, 1 Wis. 136, 60 Am. Dec. 368; *Casey v. Donovan*, 65 Mo. App. 521; *Stone v. Slattery's Adm'r*, 71 Mo. App. 442; *Williams v. Baldwin*, 7 Vt. 503.)

Whether Yost can be regarded as an agent of appellees, or whatever his relationship to them may be designated, it is certain that his duty to them is in no sense repugnant to that which he owed to the appellant. (*Schauer and others v. Queen Ins. Co. of America*, 88 Wis. 561, 60 N. W. 994; *Insurance Co. v. Reynolds*, 36 Mich. 502; *Dibble v. Assurance Co.*, 70 Mich. 1, 37 N. W. 704, 14 Am. St. Rep. 470.)

The case is quite unlike one where an agent represents two insurance companies between which there is a controversy as to the liability for a loss. The policies of insurance previously issued by other companies is a matter of no concern of appellant. They were regularly canceled, and appellant is not now contesting the validity of the cancellation. The cancellations were made before the contract with appellant was made. Its representative took the steps essential to the completion of a contract of insurance with appellees. He had the authority to do so. There was good faith in the transaction, and no reason is seen why the contract is not enforceable.

The judgment of the district court will, therefore, be affirmed.