No. 24,085.

R. L. BAKER, *Appellee*, v. NORTH RIVER INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. FIRE INSURANCE—*Ineffectual Attempt to Cancel Policy.* A fire insurance policy contained the usual provision authorizing its cancellation by the company by giving five days' written notice to the insured and by tendering him the *pro rata* unearned premium thereon, if the premium had been paid. *Held*, that where the company, after accepting the premium and delivering the policy, attempted to cancel it by notice to its local agent and no notice was given to the insured of the cancellation until after a loss occurred and no part of the unearned premium was returned to him, the cancellation was ineffective and void.

2. SAME—*A second Policy in Another Company Issued by Defendant's Local Agent—Ratification by Insured Not Shown.* The defendant issued and delivered a policy to plaintiff insuring his touring car from loss by fire. The car was destroyed by fire and the company denied liability on the ground that its local agent was agent for the insured and issued policies to him without his request and without consulting him, and that in lieu of the policy sued upon the local agent of defendant issued to plaintiff a policy in another company, duly paid the premium, and that the second policy had ever since been in full force and effect, and that after the loss occurred plaintiff ratified the issuance of the second policy by making proof of loss thereunder. *Held*, that the burden rested upon the defendant to prove ratification, and that plaintiff had full knowledge of his rights and of the material facts; and *held further*, upon the facts stated in the opinion, that the defendant wholly failed in this respect.

3. SAME—*Rule Where Ratification Procured by Fraud.* An invalid or defective cancellation by the insurer will not become effective by ratification when the act of the insured relied upon is induced by his ignorance of the facts or of his rights, or by false representation of the insurer's agent.

4. SAME—*Plaintiff Not Estopped by Conduct After Loss Occurred.* Where the facts are undisputed, that the insured learned for the first time about the second policy after the loss occurred; but acting on the advice and suggestion of the local agent of the defendant signed proofs of loss under the second policy, *held*, when the loss occurred the rights and liabilities of plaintiff and defendant had become fixed, and that nothing done by the plaintiff in an effort to collect his loss upon the second policy altered the position of the defendant or furnished any ground for an estoppel.

5. SAME—*No Proof of Local Agent's Authority to Write New Policy on Different Terms.* The first policy issued was for $3,000; in the second the amount had been reduced to $2,500, and the premium had been increased from 80 cents to $1.00 per thousand. There were also other material differences in the two policies. *Held*, upon the facts stated in the opinion, that

Baker v. Insurance Co.

there was no evidence to warrant the inference that the local agent possessed authority to write a new policy for a different amount at a higher premium and differing materially in other terms.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed January 6, 1923. Affirmed.

*Ellis Fink,* of Winfield, and *C. C. Crow,* of Kansas City, Mo., for the appellant.

*W. L. Cunningham,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant issued and delivered a policy of insurance to Dr. R. L. Baker insuring his touring car to the amount of $3,000 for one year against loss by fire or lightning. He paid the premium, took the policy, put it in his safety box at the bank. About a year afterwards his car was destroyed by fire. The company denied liability and he brought this action in which he recovered judgment, and the North River Insurance Company appeals.

The defense was that the policy had been canceled. It was alleged that Claud L. Vaughn was the general manager of the Hess Real Estate Company of Arkansas City, Kan., which was at all times the defendant's local agent, and that for a long time prior to the issuance of the policy defendant's agent had been the plaintiff's agent, issuing policies to him without any request and transacting all his insurance business without consulting him; that on the 11th day of February, 1920, the Hess Real Estate Company under defendant's instructions canceled the policy, and in lieu thereof issued a policy of insurance duly executed by the American Insurance Company of New Jersey; that the premium was duly paid to the latter company and the policy countersigned by the Hess Real Estate Company, and had ever since been in full force and effect.

The answer alleged that after plaintiff's loss occurred he made out a regular proof thereof to the American Insurance Company under its policy, and stated under oath that there was no other insurance on his automobile, and was now estopped from claiming any rights under the policy issued by the defendant. Another defense was that the policy sued upon contained a clause forfeiting the insurance if the insured in his proof of loss to defendant made any false statement; and it was claimed that he had forfeited his rights by failing to disclose that he held a valid policy in the American Insurance Company.

A verified reply denied that Vaughn or the Hess Real Estate Company was plaintiff's agent for the purpose of renewing, canceling or effecting other insurance; and alleged that plaintiff had no notice or knowledge of the existence of the policy issued by the American Insurance Company until after the loss occurred, and never authorized or ratified its issuance or made any claim under it, with a knowledge of the facts.

The undisputed facts are that the next day after the fire Doctor Baker learned for the first time about the American Insurance Company policy; he had taken the policy sued upon to Vaughn, who informed him that it had been canceled; plaintiff asked him how it came that it was for $2,500 when the other policy was for $3,000; Vaughn said that that was all the insurance he could give him then. Acting on the advice and suggestion of Vaughn, he signed proofs of loss prepared by Vaughn, which were sent to the American Insurance Company. Vaughn told him the North River Insurance Company had canceled the other policy, and "to leave it to him and he would get the money." The American Insurance Company denied any liability on the policy, and no action was brought against that company.

There are a number of very good reasons why the judgment must be affirmed. In the first place, the only provision for cancellation was the usual clause in the policy reading:

"It (the policy) may be canceled by the company by delivering or mailing to the insured at his last known address, five days' written notice of such cancellation, and if the premium has been paid, by tendering in cash, postal money order or check, the *pro rata* unearned premium thereon."

In no respect was this provision complied with; no notice at all was given to plaintiff of the cancellation and no part of the unearned premium was returned to him. In the second place, the burden was upon the defendant to show that the local agent of the defendant was the plaintiff's agent. The defendant wholly failed in this respect. The burden rested upon defendant to prove ratification and that plaintiff had full knowledge of his rights and all the material facts. (*Owings v. Hull*, 9 Peters (U. S.) 607.)

"An invalid or defective cancellation by the insurer will not become effective by ratification, where the act of the insured relied on as evidencing a ratification is induced by his ignorance of the facts or his rights, or by the false representations of the insurer's agent. (3 Cooley on Insurance, 2806-(k); *Cassville Roller Mill Co. v. Ætna Ins. Co.*, 105, Mo. App. 146.)

Even where there is a contract arrangement between the insured and the local agent to renew a policy the presumption is that the renewal is for the same time, terms, premium, and with the same insurer. (*Brown v. Ins. Co.*, 82 Kan. 442, 108 Pac. 824; 6 Cooley on Insurance, 850.)

There were numerous material differences in the two policies; the amount of insurance had been reduced from $3,000 to $2,500; the premium had been increased from 80 cents to $1.00 per thousand. There was a mortgage on the automobile held by a dealer, and the policy sued upon recited this fact and protected the mortgagee. No mention of it was made in the policy issued in the name of the American Insurance Company. So that even if Vaughn and the real estate company were shown to be plaintiff's agents, to renew the insurance, there was no evidence whatever to warrant the inference that they possessed authority to write a new policy for a different amount, at a higher premium and differing materially in other terms. Nothing that plaintiff did under the advice of the defendant's local agent in an attempt to collect the loss from the American Insurance Company estops him from claiming under this policy, for the reason that nothing done by him in that respect altered the position of the defendant, or furnished any ground for an estoppel. When the loss occurred the rights and liabilities of the North River Insurance Company and the plaintiff had become fixed; and this was true before anything occurred which could be called an attempt on the part of the plaintiff to ratify the insurance of the other policy. Until the day after the fire plaintiff knew nothing of the attempted cancellation or the issuance of the new policy and, as his rights had fully accrued under the defendant's policy, he was entitled to recover $3,000 if his loss equalled that sum. He had paid the premium for that much insurance, which the company had in its possession at the time the loss occurred. There are numerous cases in the books involving the same questions presented here; and in a similar situation it has been held that the insured may bring suit on both policies without waiving any rights under either. (*Hartford Fire Ins. Co. v. Tewes*, 132 Ill. App. 321.) In that case the appellee brought suit upon both the old and the new policies. It was argued that by suing on the new he elected to treat them as valid and thereby conceded that the old were not in force. In the opinion it was said:

"The companies who issued the new policies should with equal logic say

that as appellee sued appellant and the Eagle he thereby elected to treat the old policies as in force and the attempted cancellation as void; . . . By this reasoning each insurance company would be able to show that by suing each he had released all." (pp. 331, 332.)

In *Cure v. Insurance Co.,* 109 Kan. 259, 198 Pac. 940, it was said:

"To constitute a waiver of a contract right, there must be a clear, unequivocal and decisive act of the party showing an intention to relinquish the right, or acts amounting to an estoppel on his part." (Syl. ¶ 2.)

The judgment is affirmed.