No. 31,180.

LAVERN CLOYD, *Appellee*, v. THE REPUBLIC MUTUAL FIRE
INSURANCE COMPANY, *Appellant*.

(22 P. 2d 431.)

Opinion filed
June 10, 1933.

*W. D. Vance* and *Fred Emery*, both of Belleville, for the appellant.
*James L. Haley,* of Sabetha, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover for a fire loss. The controverted question was whether a contract of insurance had been effected. The jury found for plaintiff. Defendant has appealed.

Plaintiff, who lives in the country a few miles from Sabetha, desired to insure his household goods against loss by fire. About October 25, 1931, he went to S. G. Potter, of Sabetha, who was the agent of the defendant company, and executed an application for insurance in the defendant company against loss by fire on his household goods in the sum of $300. He paid the premium demanded, $2.25 in cash, and executed to defendant his nonnegotiable note for $7.50. The application fixed the time when the policy should go into effect as noon of the next day, as plaintiff testified, although there was some controversy on that point. Potter, as agent for defendant, executed to plaintiff a receipt for the application and the premium paid by cash and by note, which receipt recited, among other things, "All to be refunded if policy is not issued." About two weeks later Mr. Potter went to plaintiff's home and asked his wife for a list of the property, but said nothing about whether the application for insurance had been accepted or rejected. Plaintiff was not at home and did not see Potter on that occasion. On December 23, 1931, plaintiff's home and household goods burned. The loss was total. The next day plaintiff reported the loss

to Mr. Potter, who then stated that the insurance was no good. Later that day, or the next, Potter mailed plaintiff a check for $2.25, and the letter which accompanied it stated: "I just received the application back yesterday." Plaintiff returned the check to Potter and brought this action. The evidence disclosed the above facts and in addition thereto Mr. Potter testified that after receiving plaintiff's application he mailed it to the head office of the defendant company on October 26, together with his check for $2.25; that the application and check were returned to him on October 30, with the advice from defendant's secretary that the company had discontinued writing policies for less than $400 for a five-year term. He further testified that the application, check and letter were lost or destroyed and could not be produced; that he later attempted to procure this insurance from an agency at Salina, but was unable to do so, and that the statement in the letter to plaintiff after the fire that he had "just received the application back" referred to the application sent to Salina. The carbon duplicate of the letter sent by the secretary to Potter on October 30 stated that plaintiff's application was being returned "for the reason it will be necessary to write this application on the cash plan, . . . as we have discontinued writing applications for less than $400 on the note plan." Mr. Potter did not notify plaintiff that the premium should all be paid in cash, nor did he say anything to plaintiff about the application not being accepted, or that he was attempting to get insurance through some other agency. There is no serious controversy over any material fact in the evidence, nor is any complaint made of the instructions given by the court.

Appellant contends that the facts pleaded and proved are insufficient to establish a valid contract of insurance. It is argued that the mere failure of an insurance company to notify the applicant of the rejection of his application does not result in the creation of a binding contract of insurance, citing *Northwestern Mutual Life Ins. Co. v. Neafus*, 145 Ky. 563, 140 S. W. 1026; *Dorman v. Connecticut Fire Ins. Co.*, 41 Okla. 509, 139 Pac. 262; *Richmond v. Insurance Co.*, 123 Tenn. 307, 130 S. W. 790; 26 C. J. 54; 14 R. C. L. 896, and allied authorities. This argument overlooks the provision of the receipt given to plaintiff at the time he made the application and paid the premium, partly in cash and partly by note. That receipt contained the positive agreement that the application, cash payment and note would be returned to plain-

tiff if the policy were not issued, the language being, "All to be refunded if policy is not issued." This receipt was executed by Potter as agent for the defendant company and on the blank furnished him by defendant for that purpose. By it defendant agreed to do one of two things: (1) Issue the policy, or (2) "refund" the premium payment, note and application. All of these were not returned or tendered to plaintiff at any time. After the fire the agent, Potter, undertook to return the cash premium paid only. At no time was there any effort made to return plaintiff's note or his application. Appellant speaks of Potter as being a soliciting agent only, but it is clear that he represented the company in all negotiations with respect to this transaction. (*Pfiester v. Insurance Co.,* 85 Kan. 97, 116 Pac. 245.) He not only took the application, but he executed, as "agent" for defendant, the "receipt" which contained the agreement that the policy would be issued or "all" would be "refunded." From defendant's secretary we learn that the only trouble with the matter was, so far as the company itself was concerned, that the premium was not all paid in cash, which plaintiff might have done had he been advised of it. Naturally it would take a little time for the company to act on the application. The court properly submitted to the jury the question whether defendant had ample time to issue the policy or "refund all." The answer was that it did have sufficient time. This answer was the only one it could have made consistent with the evidence. The application was made October 25, and the fire did not occur until December 23. The company was bound under its receipt and agreement to return to plaintiff, with reasonable promptness, his premium payment and note. It did not make such return, or even make any serious attempt to do so, hence it is not in position to complain that the other alternative of its agreement is binding. An authority directly in point has not been cited us, but the conclusion we reach accords with the common rules for the interpretation of contracts, applicable generally to insurance contracts. (32 C. J. 1091.) The agreement contained in the receipt embodied, in the alternative, the essential elements of an insurance contract. (32 C. J. 1095.) The following tend to support our conclusion: (*Insurance Co. v. Stone,* 61 Kan. 48, 58 Pac. 986; *Mooney v. Merriam,* 77 Kan. 305, 94 Pac. 263; *Brown v. Insurance Co.,* 82 Kan. 442, 108 Pac. 824; *Wilson v. Insurance Co.,* 90 Kan. 355, 133 Pac. 715.)

The judgment of the court below is affirmed.