**FELICITY FASHIONS, INC., Plaintiff,**

v.

**John W. MACY, Jr., etc., Defendant.**

**No. 79 C 2064.**

United States District Court,
E. D. New York.

April 2, 1981.

Weg, Myers, Jacobson & Scheer, P. C., New York City (Ira M. Myers, New York City, of counsel), for plaintiff.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Richard H. Dolan, Asst. U. S. Atty., Brooklyn, N. Y., Mitchell R. Sargen, Federal Emergency Management Agency, Washington, D. C., of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action under 12 U.S.C. § 1749bbb–11(b) to enforce a federal crime insurance policy which allegedly was in effect at the time of a February 5, 1979 burglary of plaintiff's business premises.

In substance the complaint alleges as follows. Plaintiff does business in the premises located at 1271 39th Street in Brooklyn, and on November 3, 1978, submitted an application for commercial federal crime insurance. Defendant operates the federal crime insurance program, which was enacted pursuant to the Urban Property Protection and Reinsurance Act of 1968, 12 U.S.C. § 1749bbb et seq., and which was intended to offer federal incentives to the States and the insurance industry to deal with the unavailability of property insurance and its excessive cost in many cities. [1970] U.S.Code Cong. & Adm.News 5582, 5605–06. Plaintiff applied for a $15,000 federal crime insurance policy, and the application was received on November 14, 1978 by the Government's service company, Safety Management Institute (SMI). Plaintiff submitted with its application a check for half of the insurance premium, with the understanding that the insurance policy would not take effect until the premises were inspected and approved, pursuant to 44 C.F.R. § 82.5. No policy can cover premises which have not passed such an inspection. 12 U.S.C. § 1749bbb–10a(b).

To determine whether the premises complied with protective device requirements listed in the federal regulations, 44 C.F.R. § 82 et seq., SMI retained Ashcroft Associates to inspect the premises. On or about December 15, 1978, Ashcroft inspected the property and determined that the premises did not comply with the protective device requirements since several windows at plaintiff's manufacturing plant lacked the required alarm devices required by 44

C.F.R. § 82.31(e), and the exterior elevator door lacked a heavy-duty padlock or other lock providing equivalent protection in contravention of 44 C.F.R. § 82.31(a). On December 19, 1978, Ashcroft informed SMI that the premises were uninsurable. However, on or about December 31, 1978, plaintiff's insurance broker was told on the phone by an agent of the Federal Crime Insurance office that the policy was in effect. On February 5, 1979, a month and a half after SMI was apprised of the fact by its inspectors, SMI notified plaintiff that coverage had been denied and returned plaintiff's deposit. That same day, February 5, 1979, plaintiff's premises were burglarized, and property worth in excess of $15,000 was stolen.

Plaintiff filed suit to recover $15,000 under the theory that the policy was in effect. Plaintiff alleged that although the Government never approved the policy, it was estopped from denying coverage on the claim since the Government did not act promptly on the application as required by law, 12 U.S.C. § 1749bbb–3(b)(6). Plaintiff alleged that although it did not meet the eligibility requirements at the time the inspection of its premises was conducted, it would have conformed its premises to the requirements at an earlier date if the Government had acted promptly on its application and informed plaintiff of the deficiencies. Defendant has moved for a summary judgment, alleging that sovereign immunity bars the instant action because the determination that the premises were ineligible for coverage at the time of the burglary is not subject to judicial review, and because plaintiff cannot demonstrate it ever had a federal crime insurance policy in effect for its premises.

■ It is clear that the jurisdictional statute does not provide for judicial review of eligibility requirements. 12 U.S.C. § 1749bbb–11(b). Under the Federal Crime Insurance Act, the Secretary is allowed broad authority to provide property insurance and wide latitude in enacting eligibility requirements of such insurance. 12 U.S.C. § 1749bbb–10a(b). If plaintiff were merely contesting the findings of fact made by the inspector, this court would lack jurisdiction. *Ron-Com Photo Supply, Inc. v. Federal Emergency Management Agency*, No. 78–2281 (D.D.C. March 13, 1980). But plaintiff is not disputing the eligibility requirements. Plaintiff alleges that it had an effective insurance policy, and that the claim under that policy was disallowed. Under these circumstances, this court has jurisdiction under 12 U.S.C. § 1749bbb–11(b).

■ Defendant's second contention is that there is no effective insurance policy on its premises since a claim of equitable estoppel may not be maintained against the Government. Admittedly plaintiff did not meet the requirements of the federal program, and defendant maintains that it is not estopped from asserting the failure to comply with these requirements. *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

Defendant has met its burden to show that there is no true issue of fact. *Doehler Metal Furniture Co. v. United States*, 149 F.2d 130 (2d Cir. 1945). Perhaps a private insurance company can be estopped from denying an application if, after rejecting the application, it did not act with reasonable promptness in informing the applicant of its decision. *See, e. g., Cloyd v. Republic Mutual Fire Insurance Co.*, 137 Kan. 869, 22 P.2d 431 (1933). But the Government is not "just another private litigant, for purposes of charging it with liability, whenever it takes over a business theretofore conducted by private enterprise. . . ." *Federal Crop Insurance Corp. v. Merrill, supra*, 332 U.S. at 383, 68 S.Ct. at 2. The Government, unlike a private company, is not estopped from denying benefits if the applicant is not substantively eligible to receive them. *Id.* at 385, 68 S.Ct. at 3. All courts must "observe the conditions defined by Congress for charging the public treasury." *Id.*

Certainly the Government is not estopped merely because plaintiff relied to its detriment on the delay. In *Goldberg v. Weinberger*, 546 F.2d 477, 481 (2d Cir. 1976), *cert. denied*, 431 U.S. 937, 97 S.Ct. 2648, 53

L.Ed.2d 255 (1977), the court rejected an estoppel claim against the Government and ruled that "[e]ven detrimental reliance ... will not excuse a failure to qualify for the benefits under the relevant statutes and regulations."

 The principles enunciated in *Federal Crop Insurance Corp. v. Merrill, supra*, govern this case. In both instances, the applicants for federal insurance failed to comply with specific eligibility requirements and asserted that the Government erred or delayed in responding to their application and that but for the Government's misconduct the losses could have been avoided or minimized. Although the affirmative misconduct of a Government employee may provide grounds for invoking estoppel under special circumstances, *Hansen v. Harris*, 619 F.2d 942, 948 (2d Cir. 1980), *petition for cert. filed*, 49 U.S.L.W. 3532 (U.S. Jan. 27, 1981) (No. 80–1162), plaintiff has not alleged such facts. Plaintiff asserts negligence. This court does not have before it a tort action for negligence and expresses no view as to whether such an action would lie.

The defendants' motion for summary judgment is granted.

So ordered.