FRIENDS FIRST JEWELRY
CORP., Plaintiff,

v.

Louis O. GIUFFRIDA, as Director of
the Federal Emergency Management
Agency, Defendant.

No. 83 Civ. 1170 (SWK).

United States District Court,
S.D. New York.

July 13, 1984.

Johnson, Tannen, Brecher, Fishman, Feit
& Heller, P.C. by Christopher D. Latham,
New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the
Southern Dist. of N.Y. by Jorge Guttlein,
Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION
## AND ORDER

KRAM, District Judge.

The above-captioned action is before this
Court upon defendant's motion for dismissal or summary judgment in its favor. For
the reasons stated below, defendant's motion for summary judgment is granted.

### BACKGROUND

On May 27, 1978, plaintiff First Friends
Jewelry Corporation ("Friends") purchased
an insurance policy under the Federal
Crime Insurance Program ("FCIP"). This
program is administered by the Federal
Insurance Administration ("FIA"), a component of the Federal Emergency Management Agency ("FEMA"), which is authorized to sell commercial crime insurance
through its servicing company, National
Con-Serv., Inc. ("NCSI").

On August 5, 1979, Friends was robbed of an alleged $17,654.05 worth of merchandise. Friends notified NCSI of the robbery (Affidavit of William Kennedy dated May 16, 1983, ¶ 3 ("Kennedy Aff.")). Plaintiff's claim was denied, however, by NCSI (and FEMA) for failure to submit supporting documentation within the required time period (Kennedy Aff., ¶ 4). A rejection of claim letter was sent to plaintiff by Vic Cornelius, a claims examiner for FCIP, on July 7, 1980 (Kennedy Aff., Exh. B). Plaintiff avers that it never received this letter (Affidavit of Stephen Chau, dated June 27, 1983 ("Chau Aff.")). On June 3, 1982, the administrator of the FIA, Jeffrey S. Bragg, sent a letter to plaintiff's attorney refusing to reopen Friends' file regarding this claim (Kennedy Aff., Exh. C). Plaintiff claims that this was the first time it became aware that its claim had been denied (Chau Aff.). On July 28, 1982, William Kennedy sent a letter to Friends' attorney reaffirming the prior denials of Friends' claim and asserting that Friends had one year from Bragg's letter within which to commence suit (Kennedy Aff., Exh. D).

Based on the FIA's denial of its claim, plaintiff instituted this suit on February 15, 1983. Defendant filed the instant motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment in its favor pursuant to Rule 56.

—DISCUSSION—

An FCIP insurance policy is explicitly made subject to the crime insurance provisions of Title VI of the Housing and Urban Development Act of 1970, 12 U.S.C. § 1749bbb–10a, *et seq.*, and the regulations issued thereunder, 44 C.F.R. Parts 80–83. The terms of an FCIP policy are prescribed by 44 C.F.R. § 83.26. Exclusive jurisdiction to hear this case is conferred upon the federal district courts by the general provisions of § 1749bbb–11(b)(2).

The FCIP policy form requires that the insured, upon discovery of loss, give notice to the insurer as soon as practicable, and file a detached proof of loss with the insurer within sixty days of discovery of loss. *See* 44 C.F.R. § 83.26(b), Conditions ¶ 6. Defendant found that plaintiff did not comply with the sixty day deadline, and denied plaintiff's claim. Plaintiff filed this action to contest that determination.

In support of its motion to dismiss or for summary judgment, the government makes the following arguments based on the regulatory provisions of the insurance program: (1) plaintiff failed to institute suit within one year after it received the written disallowance of its claim, dated July 7, 1980, in contravention of 12 U.S.C. § 1749bbb–11(b)(2), and (2) plaintiff failed to institute suit within two years of the date it discovered the alleged loss and within one year of the date it received written disallowance of its claim, in contravention of paragraph 10 of the Conditions section of the policy.

Section 1749bbb–11 of Title 12, United States Code, provides, in relevant part, as follows:

(b)(1) Upon disallowance of any claim under ... direct insurance made available under this title ... the claimant may institute an action against the Secretary ...

(2) Any such action must be begun within one year after the date upon which the claimant received written notice of disallowance ... of the claim.

Paragraph 10 of the insurance policy involved herein provides, in relevant part, as follows:

*Action Against the Insurer.*

No action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been compliance with all the terms of this Policy and the applicable regulations of the Federal Insurance Administration ... nor at all unless commenced *within 2 years* from the date when the insured discovers the loss *and within 1 year* after the date upon which the claimant received written notice of disallowance or partial disallowance of the claim

(emphasis added). *See* 44 C.F.R. § 83.-26(b), Conditions ¶ 10.

■ The government may set the terms and conditions for qualification, recovery, or suit on a federal insurance policy. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). As a condition precedent to maintaining an action against a federal agency, on an insurance policy, there must be strict compliance with the terms of the government issued insurance policy. *See Nyasco Sports, Inc. v. Director, FEMA*, 561 F.Supp. 864 (S.D.N.Y.1983); *see also Cross Queen, Inc. v. Director, FEMA*, 516 F.Supp. 806, 809 (D.V.I.1980) ("where the insurer is an agency of the United States, procedural requirements must be strictly complied with"). In cases such as this, "courts have almost invariably denied recovery where the claimant failed to comply with ... requirements" for Federal insurance programs, *Cross Queen*, 516 F.Supp. at 809, discharging "the duty of all courts to observe the conditions defined by Congress for charging the public treasury," *Schweiker v. Hansen*, 450 U.S. 785, 788, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981) (*quoting Federal Crop Ins. Corp.*, 332 U.S. at 385, 68 S.Ct. at 3).

Plaintiff filed suit on February 15, 1983. This was more than two years after the alleged robbery, and more than one year after Vic Cornelius apparently mailed his letter informing plaintiff that its claim had been denied. The defendant claims therefore that plaintiff did not meet the one year filing deadline after it was notified that its claim was denied on or about July 7, 1980. Plaintiff denies having ever received the July 7 notification of disallowance. Plaintiff claims that it first received notice of disallowance with Bragg's letter of June 3, 1982, and that it filed suit within one year of that letter. Nonetheless, defendant argues, and it is beyond peradventure, that plaintiff did not comply with the two-year limitations period commencing with discovery of loss. The policy requires that plaintiff meet *both* conditions in order to bring this action. Whether plaintiff received notification of disallowance on July 7, 1980, or June 3, 1982, plaintiff clearly failed to bring suit within two years after the discovery of loss as required; therefore, it did not comply with the requirements of the policy from instituting this action.

■ Plaintiff argues that defendant is precluded from relying on the terms and conditions of the policy because Kennedy's representations that suit could be commenced within one year of June 3, 1982, effected a waiver of those terms. Pursuant to the regulations governing these policies, as well as the policy involved herein, however, only Bragg, the administrator of the FIA, was authorized to waive the terms and conditions of the policy. Paragraph 12 of the policy provides as follows:

*Changes.*

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this Policy or estop the Insurer from asserting any right under the terms of this Policy; nor shall the terms of this Policy be waived or challenged, except by endorsement issued to form a part of this Policy, *as approved by the Federal Insurance Administrator*

(emphasis added). *See* 44 C.F.R. § 83.-26(b), Conditions ¶ 12.

Thus, Kennedy was not authorized to waive any of the terms and conditions of the policy, and plaintiff may not use Kennedy's letter to preclude the government from enforcing the filing requirements. The government is not liable for Kennedy's mistaken representation, or the plaintiff's subsequent reliance upon it, because in dealing with the government, plaintiff "takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Federal Crop Ins. Corp.*, 332 U.S. at 384, 68 S.Ct. at 3.

Friends argues further that the defendant should be estopped from relying on the FCIP regulations because (1) plaintiff received two letters from agent Hugo DiDo-

menico, an adjustor retained by FCIP, one dated July 31, 1980, and the other September 22, 1980 (Affidavit of Christopher Latham dated June 27, 1983, Exhs. 1 & 2) ("Latham Aff."), purporting to process plaintiff's insurance claim subsequent to the time defendant alleges to have closed plaintiff's file, and (2) plaintiff received the letter from Kennedy that stated that plaintiff had "one year from Bragg's reaffirmation of the disallowance of the claim [June 3, 1982] within which to commence suit" (Kennedy Aff., Exh. D). Plaintiff urges that its February 15, 1983, filing date conforms with the deadline established by Kennedy's letter.

Plaintiff's arguments are unavailing; equitable estoppel as a defense is not available against the United States except in the most serious of circumstances. *Federal Crop Ins. Corp.*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; *see also Goldberg v. Weinberger*, 546 F.2d 477, 481 (2d Cir.1976), *cert. denied*, 431 U.S. 937, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977). Plaintiff has not shown any affirmative misconduct of a government employee sufficient to warrant invoking equitable estoppel in this case. *See Felicity Fashions, Inc. v. Macy*, 512 F.Supp. 742, 745 (E.D.N.Y.1981). In *Goldberg* the court rejected an estoppel claim made against the government and ruled that "[e]ven detrimental reliance ... will not excuse a failure to qualify for the benefits under the relevant statutes and regulations." 546 F.2d at 481.

In addition, plaintiff may not claim Ignorance of the relevant provisions—"[p]arties dealing with the Government are charged with the knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect information received from Government agents or employees ... [e]stoppel will not lie regardless of the financial hardship 'resulting from innocent ignorance.'" *Flamm v. Ribicoff*, 203 F.Supp. 507, 510 (S.D.N.Y.1961); *see also Cohen v. Federal Insurance Administration*, 565 F.Supp. 823, 827 (E.D.N.Y.1983) (insured chargeable with knowledge of such lack of authority). Finally, any reliance plaintiff placed on Kennedy's letter was, and is, misguided, since that letter was written long after this suit was already barred by plaintiff's failure to commence within two years of the loss.

Plaintiff failed to comply with the federal regulatory provisions. There is no genuine issue of material fact as to Friends' noncompliance with the requirement that suit be filed within two years of loss. Plaintiff has not established that the FIA administrator waived any conditions or terms of the insurance policy or that defendant should be estopped from relying on that policy. Consequently, Friends is barred from bringing this suit and defendant is entitled to judgment in its favor. The defendant's motion for summary judgment is hereby GRANTED.

SO ORDERED.