### YATES v. AMERICAN REPUBLICS CORPORATION.

No. 3378.

Circuit Court of Appeals, Tenth Circuit.

Aug. 2, 1947.

J. O. Seth, of Santa Fe, N. M. (Neil B. Watson, of Artesia, N. M., and Seth & Montgomery, of Santa Fe, N. M., on the brief), for appellant.

J. M. Hervey and Clarence Hinkle, both of Roswell, N. M. (Hervey, Dow & Hinkle, of Roswell, N. M., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

American Republics Corporation owned an oil and gas lease covering certain land in Eddy County, New Mexico. The land was owned by the United States and the lease was executed pursuant to the provisions of the Mineral Leasing Act of February 25, 1920, as amended, 30 U.S.C.A. § 181 et seq. In October, 1941, American assigned the lease to S. P. Yates insofar as it related to part of the land. The assignment provided that Yates should commence the drilling of a well at a specified location within thirty days from the date of the assignment; that if the first well should be a commercial producer, a second well should be commenced on some portion of the land within ninety days after completion of the first; that upon like terms and conditions, a third and forth well should be drilled, with not more than ninety days elapsing between the completion of one well and the commencement of drilling of the next; that in the event any one of such wells was not a commercial producer, Yates should have the option of drilling additional wells or reassigning the undrilled area to American; and that within six months after completion of a non-producing well he should notify American whether he elected to drill additional wells or reassign the lease. The assignment also provided that in the event of a reassignment, Yates should retain the lease as to each forty-acre tract on which a well had been drilled. And it further provided that it was subject to the approval of the Secretary of the Interior, the approval to be obtained by Yates. Yates transmitted the assignment to the United States Land Office at Las Cruces, New Mexico; and it was filed there in November, 1941. From November, 1941, until July, 1945, it was under Departmental consideration; certain requirements were exacted as a condition to approval; and it was finally approved in July, 1945. Yates drilled one well on the land. It was completed in March, 1942, was not a commercial producer, was abandoned, no further drilling was undertaken, and the lease was not reassigned. In July, 1945, American made demand for the reassignment of the lease. Yates declined to reassign. American instituted this action for specific performance. A decree was sought requiring the reassignment of the lease, except as to the forty-acre tract on which the well had been drilled. By answer, Yates pleaded waiver, estoppel, and laches. Judgment was entered for American, and Yates appealed.

The major question presented is whether American effectively waived its right to the reassignment of the lease for failure of Yates to drill additional wells within the time specified in the assignment. Waiver is the voluntary relinquishment or surrender of some known right. Its constituent elements are an existing right; knowledge of such right; and an intention to relinquish or surrender it. And one in possession of a right of that kind may effectively waive it by acts, conduct, declarations, acquiescence, or silence where duty requires that he speak.

180

■ Waiver is of two kinds, express and implied. And to constitute implied waiver, there must be unequivocal and decisive acts or conduct of the party clearly evincing an intent to waive, or acts or conduct amounting to an estoppel on his part. Victor Products Corp. v. Yates-American Machine Co., 4 Cir., 54 F.2d 1062; Rosenthal v. New York Life Insurance Co., 8 Cir., 99 F.2d 578; Dougherty v. Thomas, 313 P. 287, 169 A. 219; Cure v. Midland Life Insurance Co., 109 Kan. 259, 198 P. 940; Surry v. Baker, 132 Wash. 188, 231 P. 791; Musgrave v. Equitable Life Assurance Society, 124 Kan. 804, 262 P. 571; Schwab v. Brotherhood of American Yeomen, 305 Mo. 148, 264 S.W. 690; State v. Shain, 334 Mo. 385, 66 S.W.2d 871.

■ An intention to relinquish or surrender some known right being the foundation of a waiver, the question whether a party against whom waiver is asserted intended by his acts and conduct to waive is ordinarily one of fact to be determined by the court or jury, as the case may be. McGrath v. Quinn, 218 Mass. 27, 105 N.E. 555; State v. Gardner, 32 Wash. 550, 73 P. 690, 98 Am.St.Rep. 858; Ketcham v. Oil Field Supply Co., 99 Okl. 201, 226 P. 93; Grippo v. Davis, 92 Conn. 693, 104 A. 165; Dougherty v. Thomas, supra; Bankers Trust Co. v. Economy Coal Co., 224 Iowa 36, 276 N.W. 16; State v. Becker, 336 Mo. 59, 77 S.W.2d 100; Briggs v. Modern Woodmen of America, 336 Mo. 879, 82 S. W.2d 898.

■ The trial court did not make a special finding of fact, separate and distinct from other findings and conclusions, on the particular question whether American intended by its acts and conduct to waive the default on the part of Yates in failing to drill additional wells within the time specified in the assignment. But it is implicit in the findings and conclusions considered as a whole, that the court found the issue in favor of American. It would not serve any useful purpose to detail the evidence having relation to the issue. It is enough to say that the evidence and the inferences fairly to be drawn from it presented the issue of fact, and that the finding is not clearly erroneous. Therefore, it must stand undisturbed on appeal.

Freese v. Jones, 10 Cir., 156 F.2d 454; Brown v. Prince, 10 Cir., 161 F.2d 537.

■ Estoppel and laches may be considered together. Briefly stated, the essential elements of estoppel in a case of this kind are (1) statements made or conduct done, or both, with the intention that they be acted upon by the other party, or under circumstances rendering it natural and probable that they will be acted upon; and (2) the other party, relying and acting upon such statements or conduct, changing his position to his prejudice. It occurs where a party does or omits to do something or says or fails to say something which he intends or should reasonably expect to influence the action of the other party, and the other party relies and acts thereon to his prejudice. Unlike limitations, the essence of laches is not merely lapse of time. It is essential that there be some change in the condition of the property or in the relations of the parties which makes enforcement of the right inequitable. From the middle of 1942 until sometime in 1945, there was little or no drilling activity in the area in which the land covered by the lease was located. Activity was revived in 1945. After the revival of activity, and after he talked with the agent for American, Yates ordered certain drilling equipment with the intention of using it in drilling operations on the land embraced within the assignment. But he was engaged on a large scale in the business of drilling, producing, and selling oil. Drilling equipment of the kind ordered was scarce and hard to obtain. Part of the equipment purchased was used in other drilling operations, and the balance doubtless could have been used advantageously elsewhere. It is not contended otherwise. And Yates paid certain small sums of money as premium on his performance bond under the lease, but he was entitled to retain the lease insofar as it related to the forty-acre tract on which the well was drilled; and in order to retain it to that extent it was necessary that he furnish the performance bond. There was no change in the position of Yates concerning the property to his substantial prejudice, as the result of the acts or conduct of American. Neither was there any shift in respect

of the property or in the relations of the parties as the result of the acts or conduct of American which makes inequitable the enforcement of the obligation of Yates to reassign the lease, less the forty-acre tract ·on which the well was drilled. For these reasons, the pleas of estoppel and laches ·were not well founded.

The judgment is affirmed.