**FILED**
**U.S. Bankruptcy Appellate**
**Panel of the Tenth Circuit**

**December 3, 2024**

**Anne M. Zoltani**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE LUMEE, LLC,

      Debtor.

_____

LUMEE, LLC,

      Plaintiff - Appellee,

v.

JUAN FERNANDEZ, an individual, and
MONSTER PRODUCTS, LLC, a New
Jersey limited liability company,

      Defendants - Appellants.

BAP No. UT-24-001

Bankr. No. 19-24752
Adv. No. 21-02064
Chapter 11

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Utah

_____

Before **HALL**, **PARKER**, and **THOMAS,**[2] Bankruptcy Judges.

_____

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] Paul R. Thomas, Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of Oklahoma, sitting by designation.

**HALL**, Bankruptcy Judge.

_____

Generally, a corporation or limited liability company is regarded as a separate and distinct legal entity from its owner. And the same holds true for related or successor entities as well. However, when fraud or injustice results from disregarding entity formalities, an owner can be deemed an alter ego of the company and no longer enjoy insulation from the company's liabilities.

This appeal arises from a chapter 11 bankruptcy case wherein a corporate debtor brought an alter ego action against a company owner for a default judgment entered against the company in a prior avoidance proceeding. Throughout pretrial litigation, the owner asserted he was not the alter ego of the company, and if he were, due process required the Bankruptcy Court to hear the owner's defenses to the underlying avoidance claims. The Bankruptcy Court agreed, and the defenses to the avoidance claims were heard at trial. In its memorandum decision, the Bankruptcy Court determined the owner was the alter ego of the company, a holding with which we agree.

However, notwithstanding its prior determination, the Bankruptcy Court also determined, without articulating its analysis of the owner's defenses to the avoidance claims, the owner, as the alter ego, was liable for the company's debts—including the default judgment. Because the Bankruptcy Court did not provide sufficient factual analysis or legal reasoning, we cannot provide meaningful review of the Bankruptcy Court's determination the owner is liable for the entire default judgment. Given this, we must remand the alter ego default judgment liability determination to the Bankruptcy

2

Court for it to provide a clear understanding of the analysis upon which the decision was made.

## I.    Background

*The POT Proceeding*

LuMee, LLC ("LuMee") is a company that sold cell phone cases.[3] LuMee purchased many of the cell phone cases for its retail business from Products of Tomorrow ("POT").[4] POT was solely owned by Appellant Juan Fernandez ("Fernandez").[5] Based on the corporate structure, POT paid Fernandez for the services he provided to the company.[6] POT and LuMee engaged in business for many years up until June 28, 2019, when LuMee filed a voluntary petition for chapter 11 relief in the United States Bankruptcy Court for the District of Utah.[7]

About a year into the bankruptcy case, LuMee filed an adversary proceeding against POT (the "POT Proceeding") seeking to avoid transfers (the "POT Transfers") in the amount of $2,656,024.20.[8] The complaint in the POT Proceeding named only POT as the defendant.[9] POT did not answer the complaint so the Bankruptcy Court entered a default judgment against POT for the full amount (the "POT Judgment") on May 5, 2021.[10] At some point during these proceedings, LuMee learned POT had ceased

---

[3] *Pretrial Order* at 7, *in* Appellant's App. at 436.
[4] *Pretrial Order* at 7, *in* Appellant's App. at 436.
[5] *Pretrial Order* at 7, *in* Appellant's App. at 436.
[6] *Order* at 15–16, *in* Appellant's App. at 6136-37.
[7] *Order* at 4, *in* Appellant's App. at 6125.
[8] *Order* at 4, *in* Appellant's App. at 6125.
[9] *Complaint*, *in* Appellant's App. at 3.
[10] *Default Judgment Against Products of Tomorrow, Inc.* at 4, *in* Appellant's App. at 44.

operations, but Fernandez had continued operating Monster Products, LLC, a New Jersey limited liability company ("Monster"), whose line of business was nearly identical to POT's.[11] Fernandez is the co-owner of Monster with his wife and children.[12]

*The Fernandez Proceeding*

On August 5, 2021, shortly after entry of the POT Judgment, LuMee initiated an adversary proceeding against Fernandez (the "Fernandez Proceeding").[13] LuMee asserted the following claims: (1) recovery of property under 11 U.S.C. § 550;[14] (2) avoidance of fraudulent transfers made with actual intent to hinder, delay or defraud under the UVTA, New Jersey, and Utah law; (3) avoidance of constructive fraudulent transfers under UVTA, New Jersey, and Utah law; (4) equitable relief to amend the POT Judgment to add Juan Fernandez as co-liable on the POT Judgment under a veil-piercing/alter ego theory under New Jersey and Utah law; (5) unjust enrichment; (6) avoidance of insider transfers for value under the UVTA, New Jersey, and Utah law; (7) to obtain remedies under New Jersey and Utah law; and (8) disallowance of claims under § 502(d).[15] On December 17, 2021, LuMee filed a *Verified Motion for Leave to Amend and to Extend*

---

[11] *Opposition to Motion for Partial Summary Judgment* at 25–26, *in* Appellant's App. at 127–28.

[12] *Order* at 4, *in* Appellant's App. at 6125.

[13] *Order* at 4, *in* Appellant's App. at 6125.

[14] Unless other specified, references to "section" and "§" are to sections of title 11 of the United States Code.

[15] *Complaint for Avoidance and Recovery of Fraudulent Transfers*, *in* Appellant's App. at 3.

4

*Discovery Deadlines* (the "Motion to Amend") seeking to add claims of co-liability against Monster and provide additional information obtained through discovery.[16]

While the Motion to Amend was pending, Fernandez filed *Defendant Juan Fernandez' Motion and Memorandum for Partial Summary Judgment* (the "First Partial MSJ") on January 7, 2022.[17] In the First Partial MSJ, Fernandez sought to dismiss the § 544 claims seeking to avoid transfers comprising the POT Judgment under state law.[18] Fernandez also sought to dismiss two other claims—the claim for unjust enrichment and the claim asserting recovery under state law.[19] Fernandez contended these two claims were superseded by § 550, asserting the Bankruptcy Code does not permit the use of state law to recover avoided transfers. Fernandez's final request was dismissal of the alter ego claim seeking to make Fernandez jointly liable for the POT Judgment. Fernandez asserted LuMee waived the opportunity to name Fernandez as an initial transferee, thus limiting any recovery from Fernandez to recovery from a subsequent transferee. After a hearing, on February 16, 2022, the Bankruptcy Court entered an order denying the First Partial MSJ[20] and an order granting the Motion to Amend.[21]

On February 21, 2022, LuMee filed its *First Amended Complaint for Avoidance and Recovery of Fraudulent Transfers and Other Relief* (the "Amended Complaint").[22] In

---

[16] Adv. Pro. Dkt. No. 10.
[17] First Partial MSJ, *in* Appellant's App. at 76.
[18] First Partial MSJ, *in* Appellant's App. at 76.
[19] First Partial MSJ, *in* Appellant's App. at 76.
[20] *Order on Motion for Partial Summary Judgment*, *in* Appellant's App. at 210.
[21] Feb. 16, 2022 Hr'g Tr. at 17:17-25, *in* Appellant's App. at 204.
[22] Amended Complaint, *in* Appellant's App. at 213.

the Amended Complaint, LuMee asserted claims against Fernandez and Monster seeking (1) to recover property from Fernandez under § 550; (2) to avoid fraudulent transfers made with actual intent to hinder, delay, or defraud creditors under Utah and New Jersey law pursuant to § 544(b)(1); (3) to avoid constructive fraudulent transfers under Utah and New Jersey law under § 544(b)(1); (4) to amend the POT Judgment by adding Juan Fernandez as co-liable under New Jersey and Utah veil-piercing/alter-ego theory law; (5) to find Fernandez liable for the amount of the POT Judgment under a theory of unjust enrichment; (6) to avoid and recover transfers from POT to Fernandez under Utah and New Jersey insider transfer laws; (7) a judicial determination to recover the transfers by remedies available under Utah or New Jersey law; (8) to disallow any prepetition claims Fernandez may have against LuMee, if any; (9) to amend the POT Judgment to add Monster and Fernandez as co-liable under Utah and New Jersey veil-piercing/alter-ego theories; and (10) to amend the POT Judgment to make Monster and Fernandez as co-liable under Utah and New Jersey successor liability law.[23]

On May 19, 2022, Fernandez filed *Defendant Juan Fernandez' Second Motion and Memorandum for Partial Summary Judgment* (the "Second Partial MSJ")[24] seeking dismissal of the fourth and ninth claims in the Amended Complaint (collectively with the First Partial MSJ, the "Summary Judgment Motions"). On November 14, 2022, the Bankruptcy Court issued an oral ruling and entered an order denying the Second Partial

---

[23] Amended Complaint at 8–26, *in* Appellant's App. at 220–238.
[24] Second Partial MSJ, *in* Appellant's App. at 259.

MSJ.[25] Shortly thereafter, the Bankruptcy Court entered a scheduling order and set a trial date.[26] On March 2, 2023, LuMee filed a *Motion in Limine* (the "Motion in Limine") requesting the Bankruptcy Court take judicial notice of the POT Judgment to conclusively establish elements of LuMee's first, second, third, fourth, and ninth claims for relief and exclude any evidence and argument attempting to assert defenses or attack facts already established by the POT Judgment.[27] After a hearing, on May 4, the Bankruptcy Court held another hearing where the Bankruptcy Court ruled on the Motion in Limine (the "Oral Ruling").[28] In the Oral Ruling, the Bankruptcy Court said: "[t]he Court believes that since LuMee intends to hold the defendants liable as initial transferees under causes of action four and nine, due process requires that they be able to assert the defenses available to such transferees, regardless of the POT Judgment."[29] Then, on May 5, 2023, the Bankruptcy Court entered an order granting the Motion in Limine in part and denying it in part (the "Motion in Limine Order").[30] Notably, the Bankruptcy Court specifically denied LuMee's request to preclude Fernandez from providing defenses to the claims asserted in the POT Proceeding as they related to the fourth and ninth claims.[31]

The Bankruptcy Court conducted a trial on May 17, 18, and 19, 2023. At trial, Fernandez presented the following affirmative defenses to the POT Transfers in the POT

---

[25] *Order Denying Defendant's Second Motion for Summary Judgment*, *in* Appellant's App. at 427.
[26] *Pretrial Order*, *in* Appellant's App. at 430.
[27] Motion in Limine, *in* Appellant's App. at 443.
[28] May 4, 2023 Hr'g Tr., *in* Appellant's App. at 508.
[29] May 4, 2023 Hr'g Tr. at 9:20-24, *in* Appellant's App. at 516.
[30] Motion in Limine Order, *in* Appellant's App. at 505.
[31] Motion in Limine Order at 2, *in* Appellant's App. at 506.

Proceeding: (i) the POT Transfers avoided in the POT Proceeding were not made with the intent to hinder, delay, or defraud creditors under § 548(a)(1)(a) and Utah Code Ann. § 25-6-202(1)(a) because they were made in exchange for product; (ii) the POT Transfers avoided in the POT Proceeding were not fraudulent transfers under § 548(a)(1)(b) and Utah Code Ann. § 25-6-202(1)(b) because POT gave reasonably equivalent value in exchange for the money transferred; and (iii) the POT Transfers were not avoidable under Utah Code Ann. § 25-6-203(2) because the transfers were made to an insider but not for an antecedent debt and Fernandez lacked knowledge of LuMee's insolvency. Following the trial, the Bankruptcy Court ordered post-trial briefing on the issue of insolvency.[32] Then, on December 22, 2023, the Bankruptcy Court entered an *Order and Judgment* (the "Order")[33] in favor of LuMee on the first, second, third, fourth, fifth, and tenth claims for relief in the Amended Complaint. In the Order, the Bankruptcy Court reiterated that "[i]n its ruling on LuMee's motion in limine, the Court did find that Mr. Fernandez could provide defenses to the underlying default judgment at trial. Notwithstanding, the Court finds and concludes that Mr. Fernandez was the alter ego of POT and should be liable for the debts of POT, including the POT Judgment."[34]

On January 4, 2024, Fernandez and Monster filed a *Notice of Appeal*[35] appealing the Summary Judgment Motions, the Motion in Limine Order, and the Order.[36]

---

[32] The insolvency finding is not at issue on appeal.

[33] Order, *in* Appellant's App. at 6122.

[34] Order, *in* Appellant's App. at 6149.

[35] Although Fernandez and Monster are both Appellants in this appeal, the arguments on appeal represent Fernandez's position only.

[36] *Notice of Appeal*, *in* Appellant's App. at 6159.

8

On January 9, 2024, this Court entered an order remanding the case to the Bankruptcy Court on a limited basis due to a finality issue.[37] On January 22, 2024, the Bankruptcy Court entered an *Amended Order and Judgment* adjudicating the remaining claims by denying relief on the sixth, seventh, eighth, and ninth claims. On February 6, 2024, this Court entered an *Order Allowing Appeal to Proceed*.[38]

## II.     Jurisdiction

The BAP has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[39] Fernandez timely filed an appeal of the Order. After the limited remand, the Bankruptcy Court entered its *Amended Order and Judgment* making the Order final.[40] No party has elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III.     Issues on Appeal and Standards of Review

Fernandez submits nine issues on appeal[41] but only makes four arguments relating to the Bankruptcy Court's alter-ego finding and consequences therefrom. The issues argued on appeal are as follows:

---

[37] BAP ECF No. 7.

[38] BAP ECF No. 9.

[39] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[40] *See In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990) (noting "the appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding, or discrete controversy pursued within the broader framework cast by the petition").

[41] Appellant's Opening Br. 3–6.

1. Did the Bankruptcy Court err by allowing LuMee to pursue claims against Fernandez as an initial transferee and a subsequent transferee on the same avoided transfers?[42]

2. Did the Bankruptcy Court err by denying the First Partial MSJ and Second Partial MSJ and allowing LuMee to prosecute the alter ego claims at trial?[43]

3. Did the Bankruptcy Court abuse its discretion by finding Fernandez to be the alter ego of POT?[44]

4. Did the Bankruptcy Court clearly err by failing to make findings of fact related to Fernandez's asserted defenses, thus finding him co-liable for the POT Judgment?[45]

"De novo review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision."[46] Accordingly, we give no deference to the Bankruptcy Court's decision and apply the same standard as the Bankruptcy Court.[47]

---

[42] We review issues of law de novo. *In re Picht*, 428 B.R. 885, 889 (10th Cir. BAP 2010) (citing *Garrett v. Fleming,* 362 F.3d 692, 695 (10th Cir. 2004)). Whether a party may pursue alternative avenues of recovery is an issue of law. *See Centra, Inc. v. Chandler Ins. Co.*, 229 F.3d 1162, at *16 (10th Cir. 2000) (unpublished) (noting a party's legal right to pursue alternative theories of relief).

[43] We also review the Bankruptcy Court's order granting or denying summary judgment de novo. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 993 (10th Cir. BAP 1997) ("The grant or denial of summary judgment is reviewed *de novo*.").

[44] The decision to pierce the corporate veil is reviewed for abuse of discretion. *Boxer F2, L.P. v. Bronchick*, 722 F. App'x 791, 798 (10th Cir. 2018) (unpublished) (reviewing the trial court's decision to pierce the veil for abuse of discretion) (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005)).

[45] A trial court's findings "will not be set aside unless clearly erroneous and grossly inadequate." *Hoff v. United States*, 268 F.2d 646, 647 (10th Cir. 1959).

[46] *In re Liehr*, 439 B.R. 179, 182 (10th Cir. BAP 2010) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991)).

[47] *Carlile v. Reliance Standard Life Ins. Co.*, 988 F.3d 1217, 1221 (10th Cir. 2021).

10

Under the abuse of discretion standard, this Court will not disturb a bankruptcy court's decision unless it "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[48] An abuse of discretion occurs when "the [trial] court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'"[49] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[50]

"Under the 'clearly erroneous' standard, this Court must defer to facts found by the bankruptcy court unless 'it is without factual support in the record' or, after examining all the evidence, we are left with a 'definite and firm conviction that a mistake has been made.'"[51]

---

[48] *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[49] *Moothart*, 21 F.3d at 1504–05 (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

[50] *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[51] *In re Johnson*, 477 B.R. 156, 168 (10th Cir. BAP 2012) (quoting *Cobra Well Testers, LLC v. Carlson (In re Carlson),* No. 06–8158, 2008 WL 8677441 at *2 (10th Cir. Jan. 23, 2008)).

11

## IV.    Discussion

### A. The Bankruptcy Court did not err by allowing LuMee to pursue claims against Fernandez as an initial transferee and a subsequent transferee on the same avoided transfers.

Section 550 governs the liability of initial and subsequent transferees of an avoided transfer providing:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from--

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

Section 550 applies after a judicial determination avoiding a transfer.[52]

The Bankruptcy Court analyzed Fernandez's liability in three ways. First, the Bankruptcy Court analyzed Fernandez's liability as an initial transferee on the Fernandez Transfers. The Bankruptcy Court determined Fernandez gave value to POT in exchange for all but $102,635.91 of $2,656,024.20 transferred. The Bankruptcy Court also found Monster gave value for any transfers it received. Second, the Bankruptcy Court analyzed whether, as a subsequent transferee of the POT Transfers, Fernandez could satisfy a good faith defense under § 550(b) for the $102,635.91 and determined he could not. And third,

---

[52] 11 U.S.C. § 550.

12

as discussed below, the Bankruptcy Court determined Fernandez was the alter ego of POT, and thus liable for the POT Judgment in full as an initial transferee.

Fernandez contends the Bankruptcy Court erred by treating Fernandez as the initial and subsequent transferee when it held Fernandez liable as an alter ego of POT.[53] Fernandez asserts the disjunctive use of "or" in § 550(a) precludes a debtor/trustee from pursuing more than one avenue of recovery.[54]

LuMee contends the language of § 550 does not provide a bar for a debtor seeking recovery under initial and subsequent transferee theories simultaneously. LuMee asserts

---

[53] Fernandez asserts the holding in *Tibble v. Farmers Grain Express, Inc., (In re Michigan BioDiesel, LLC)*, Nos. 13-80270, 13-80263, 510 B.R. 792 (Bankr. W.D. Mich. 2014), precludes LuMee from proceeding against Fernandez as both an initial and subsequent transferee because they have different burdens in defending against recovery actions. LuMee contends *Michigan BioDiesel* provides no such support. In *In re Michigan BioDiesel, LLC*, the chapter 7 trustee was successful in avoiding certain transfers in one adversary proceeding on payment the debtor made to another entity. *Id.* at 794. The trustee then filed a second adversary proceeding seeking to recover the same funds that had been transferred to subsequent transferees (the "Defendants"). *Id.* The Defendants asserted the trustee had to re-establish the avoidability of the transfer as a prerequisite to recovery in the current action. *Id.* at 794–96. The chapter 7 trustee disagreed and filed a motion for partial summary judgment barring the Defendants from relitigating the avoidance. *Id.* at 794. The issue before the court was whether the trustee had to re-litigate the avoidance action in the recovery proceeding. *Id.* at 795–96. The Michigan bankruptcy court held whether the original transfer is avoided is not an element for recovery under § 550, rather it is a prerequisite and recovery may be sought in the same or subsequent action. *Id.* at 797. Accordingly, Fernandez's reliance on *Michigan Biodiesel* is misplaced as it does not support the proposition that a trustee is limited to only one avenue of recovery under § 550.

[54] Fernandez also contended treating him as POT's alter ego precludes him from having his day in court related to the avoidance actions because it strips him of his defense rights in a recovery action as a subsequent transferee. As discussed in B 2. of this Opinion, the Bankruptcy Court determined Fernandez could, and he did, present defenses at trial related to the claims asserted in the POT Proceeding. Accordingly, Fernandez had his day in court during the trial.

it pursued three different avenues to recover the avoided transfers under the POT Judgment.[55] LuMee asserted Fernandez was (i) a subsequent transferee of the transfers from LuMee to POT; (ii) an alter ego of POT and, therefore, an initial transferee of the transfers from LuMee to POT; and (iii) the initial transferee of transfers from POT that were avoidable in LuMee's capacity as a creditor of POT based on the POT Judgment. LuMee argues the limitation of § 550 is the amount a trustee or debtor may recover, not the avenues through which it may recover avoided transfers.

We conclude the plain language of § 550 provides only one limitation—the amount to be recovered is limited to the total value of the avoided transfers. The Tenth Circuit has not directly addressed whether a debtor or trustee can pursue alternative avenues against the same entity or person under § 550. However, in the unpublished decision *In re Eleva*, this Court observed the trustee or debtor is entitled to a single satisfaction, and thus, although multiple entities could be liable on a claim, recovery is capped at the amount of the avoidable transfer.[56] Given that, if a trustee may pursue multiple parties in the alternative in a recovery action, then a trustee may also pursue alternative theories of liability while being limited to a single satisfaction. Accordingly, the Bankruptcy Court did not err by allowing LuMee to pursue recovery claims in the alternative.

---

[55] Fed. R. Civ. P. 8(d), incorporated by Fed. R. Bankr. P. 7008, provides a party may plead in the alternative and may plead claims and defenses regardless of consistency.
[56] *In re Eleva, Inc.*, 302 B.R. 112, 2003 WL 21516983, at *2 (10th Cir. BAP June 30, 2003) (unpublished).

> B. *The Bankruptcy Court did not err by denying the First Partial MSJ and Second Partial MSJ and allowing LuMee to prosecute the alter ego claims at trial.*

Summary judgment may only be granted when, taking the evidence in the light most favorable to the nonmovant, the moving party shows no genuine dispute as to any material fact exists entitling the moving party to judgment as a matter of law.[57] No genuine dispute of material fact exists if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."[58] The moving party bears the burden of proof.[59]

Since litigation commenced, Fernandez sought to be dismissed from the alter ego causes of action. On appeal, Fernandez asserts three reasons why the Bankruptcy Court erred in denying the Summary Judgment Motions: (i) LuMee waived its right to name Fernandez as an initial transferee; (ii) to allow LuMee to proceed would violate his due process as he never had a chance to assert defenses to the claims in the POT Proceeding; and (iii) alter ego claims are not independent causes of action. We will address each in turn.

> 1. <u>Under Utah law, genuine issues of material fact remained as to whether LuMee waived its right to name Fernandez as an alter ego.</u>

Waiver occurs when a party voluntarily relinquishes or surrenders a known right.[60] Waiver may be expressed or implied.[61] Whether a party impliedly waived a claim or right

---

[57] Fed. R. Civ. P. 56(a) made applicable by Fed. R. Bankr. P. 7056.
[58] *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[59] *Id. at 586.*
[60] *Yates v. Am. Republics Corp.*, 163 F.2d 178, 179 (10th Cir. 1947).
[61] *Id.* at 180.

is a factual determination and occurs when there is an "unequivocal and decisive act[] or conduct of the party clearly evincing an intent to waive, or act or conduct amounting to an estoppel on [the party's] part."[62]

In the oral rulings on the Summary Judgment Motions, the Bankruptcy Court determined genuine disputes of material fact existed as to whether LuMee impliedly waived its right to pursue Fernandez as an initial transferee under an alter ego theory. Specifically, in the oral ruling on the Second Partial MSJ, the Bankruptcy Court stated that "LuMee's knowledge that POT was solely owned by Mr. Fernandez doesn't establish knowledge of a unity of interest and ownership such that the separate personalities of POT and Mr. Fernandez no longer existed."[63]

Fernandez argues LuMee waived its right to pursue him as an initial transferee when it failed to name and serve Fernandez in the POT Proceeding. According to Fernandez, LuMee knew an alter ego claim may exist against Fernandez, but failed to name him specifically or a John Doe, and this failure was an unequivocal and decisive act to pursue POT and POT alone. Thus, Fernandez asserts LuMee waived the option to pursue any other defendants.

LuMee asserts it did not waive its right to pursue Fernandez as an initial transferee, and the Bankruptcy Court did not err as it explained Fernandez was unable to show there was no genuine dispute of material fact to grant summary judgment on the waiver issue. LuMee also points out it did not learn POT had gone out of business and

---

[62] *Id.* (citing cases).
[63] Aug. 10, 2022 Hr'g Tr., *in* Appellant's App. at 419.

16

had no assets until February 24, 2021, a date after it filed the complaint in the POT Proceeding. Finally, LuMee highlights the Court's conclusion that, because the POT Proceeding was decided on default judgment, no discovery took place, effectively precluding LuMee from obtaining the information to discover or plead an alter ego claim.

Although Utah[64] has not directly addressed when a party must be named for purposes of an alter ego action, in *Macris & Assocs., Inc. v. Neways, Inc.*, the Supreme Court of Utah addressed the circumstances when a party must pursue a claim to avoid being barred by res judicata.[65] There, Macris sued a company called Images & Attitudes ("Images") for breach of a distribution agreement.[66] Just before the trial commenced, Images' president incorporated Neways, Inc. ("Neways").[67] Thereafter, Images shut down and transferred most of its assets to Neways.[68] The trial against Images was continued for over two years.[69] Two days before the rescheduled trial, Macris initiated an action against Neways, asserting claims for fraudulent transfer, alter ego, and successor liability.[70] Neways moved for summary judgment contending Macris' claim was barred by claim preclusion and should have been brought in the initial action against Images.[71]

---

[64] The Bankruptcy Court considered the alter ego claim under Utah law only, and neither Lumee nor Fernandez raised any objection thereto before the Bankruptcy Court or appealed this conclusion as error.

[65] 16 P.3d 1214 (Utah 2000).

[66] *Id.* at 1216.

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.* at 1216-17.

[71] *Id.* at 1217.

The trial court disagreed and declined to apply claim preclusion.[72] Neways appealed, and argued the lower courts erred because the plaintiff was barred from asserting claims against it because Neways could, and should, have been included in the original action.[73] The Utah Supreme Court rejected Neways' argument and held "a party is required to include claims in an action for res judicata purposes only if those claims arose before the filing of the complaint in the first action."[74] Put another way, a party must be included as a named party in a complaint if the plaintiff was aware of the facts upon which the later claim arose prior to filing the complaint in the first action.[75]

In *Macris*, the Utah Supreme Court expressly identified the circumstances for when a party *must* assert a claim in a complaint. Herein, given the fact intensive nature involved in determining whether a party has impliedly waived a claim or cause of action, material facts remained in dispute, were unknown, or where not established to determine whether LuMee was aware of the facts upon which the alter ego claim arose. LuMee asserts it did not learn POT had gone out of business and had no assets until February 24, 2021—after the complaint was filed. Moreover, the Bankruptcy Court entered a default judgment in the POT Proceeding, precluding any opportunity through discovery to uncover the facts upon which the alter ego claim would arise. Accordingly, a genuine

---

[72] *Id.*

[73] *Id.* 1217–18.

[74] *Id.* at 1220. The Supreme Court of Utah also concluded that when determining whether claims are identical for res judicata purposes, it turns to whether "the two causes of action rest on a different state of facts and [whether] evidence of a different kind or character is necessary to sustain the two causes of action." *Id.* at 1221.

[75] *See id.* at 1221.

dispute of material fact existed if, and when, LuMee became aware of the facts necessary to support an alter ego claim against Fernandez. For this reason, we affirm the Bankruptcy Court's denials of the Summary Judgment Motions.

2. <u>Genuine issues of material fact remained as to whether the Bankruptcy Court violated Fernandez's due process.</u>

Fernandez contends the Bankruptcy Court's failure to dismiss the alter ego claims when ruling on the Summary Judgment Motions was erroneous because allowing Lumee to proceed thereon violated his due process rights. In the Oral Ruling, the Bankruptcy Court agreed with Fernandez and provided Fernandez with the opportunity to present initial transferee defenses at trial in connection with the alter ego claims. Thus, whether Fernandez would be held liable for the POT Transfers as an initial transferee was to be decided at trial.

Because material facts remained in dispute as to whether Fernandez's due process rights would be violated—*i.e.*, whether Fernandez would be held liable was yet to be determined—we find the Bankruptcy Court did not err by failing to dismiss the alter-ego action on due process grounds.

3. <u>Fernandez failed to argue an alter ego action is not an independent cause of action under Utah or New Jersey below, thus waiving the argument on appeal.</u>

Fernandez argues the Bankruptcy Court erred by denying the Summary Judgment Motions because an alter ego action is not an independent cause of action under either

19

Utah or New Jersey law. Fernandez raises this third argument for the first time on appeal. LuMee contends Fernandez waived this argument. We agree.

The general rule is issues not presented in the trial court are forfeited on appeal.[76] This is so even if the appellant advances a stronger argument on appeal.[77] Fernandez never argued below that an alter ego claim is not an independent cause of action. Therefore, it is waived.

Even if the argument was not waived, as discussed, an alter ego claim need only be pleaded with the original claim if the plaintiff was aware of the facts from which the claim would arise.[78] Genuine disputes of material fact remained as to whether LuMee was aware of the facts upon which the alter ego claim was based. Accordingly, this argument would fail.

C. *The Bankruptcy Court did not abuse its discretion by finding Fernandez is an alter ego of POT.*

LuMee's fourth claim for relief sought to amend the POT Judgment to add Fernandez as co-liable under a veil-piercing/alter ego theory under New Jersey and Utah law. The Bankruptcy Court analyzed the alter ego claim under Utah law only.

In Utah, alter ego liability requires a party demonstrate:

(1) [s]uch a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, but the corporation is,

---

[76] *United States v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007) ("[A] party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory.") (quoting *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993)).
[77] *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011) (plaintiff's "much more plausible theory" presented on appeal was nonetheless forfeited by his failure to preserve it).
[78] *Neways*, 16 P.3d at 1221.

instead, the alter ego of one or a few individuals; and (2) if observed, the corporate form would sanction a fraud, promote injustice, or result in an inequity.[79]

Utah courts consider the following non-exclusive *Colman* factors to determine an alter ego finding:

 (1) undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders; and (8) the use of the corporate entity in promoting injustice or fraud.[80]

Thus, the decision to pierce the corporate veil in Utah is a highly factual inquiry dependent on the relationship between the corporation and its shareholders.[81] The first seven factors are analyzed to determine the first prong while the eighth factor is analyzed to determine the second prong.[82]

The Bankruptcy Court determined, under Utah law, Fernandez was the alter ego of POT, and the POT Judgment should be amended to include Fernandez as a defendant and co-liable for the POT Judgment. Analyzing the facts under the *Colman* factors, the Bankruptcy Court reasoned Fernandez acted in contravention of the corporate requirements under POT's bylaws, finding:

(1) POT was essentially a one-man corporation, but the evidence is insufficient to find it was undercapitalized; (2) there was a failure to observe

---

[79] *Colman v. Colman*, 743 P.2d 782, 786 (Utah Ct. App. 1987) (citing *Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979)).
[80] *Id.*; *see also Jones v. Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 636 (Utah 2012) (citing *Colman*, 743 P.2d at 786).
[81] *Id.*
[82] *Id.* at 637.

21

corporate formalities; (3) although there is evidence of significant distributions of dividends, they all went to Mr. Fernandez and were not board approved; (4) there was a siphoning of corporate funds by the dominant stockholder, Mr. Fernandez, by virtue of the significant dividends he took and the significant use of funds from POT to pay his credit card expenses, which cards were issued to him by POT; (5) Mr. Fernandez was an officer of POT, and Mrs. Fernandez was the corporate secretary and provided value to POT; (6) there was not a complete absence of corporate records, but many were non-existent; (7) POT was used as a façade for operations of the dominant stockholder, Mr. Fernandez; and (8) Mr. Fernandez used up POT's assets to make it judgment proof when it came to satisfying the POT Judgment.[83]

Fernandez asserts the second prong of the alter-ego test cannot be satisfied because LuMee received value (one of the defenses for fraudulent transfer causes of action) as the transfers occurred to purchase product. Fernandez also argues, without authority, the Bankruptcy Court's analysis of the *Colman* factors was "faulty"[84] because the Bankruptcy Court based its fairness finding on actions taken by Fernandez after the Bankruptcy Court entered the default judgment. Fernandez contends the Bankruptcy Court should have analyzed whether the fraud or injustice was occurring at the time LuMee transferred funds to POT and not Fernandez's conduct after entry of the POT Judgment.

LuMee contends the Bankruptcy Court did not err in determining Fernandez was the alter ego of POT. LuMee directs this Court to the Bankruptcy Court's analysis of the facts using the *Colman* factors to reach its finding.

---

[83] Order at 26–27, *in* Appellant's App. at 6147–48.
[84] Appellant Reply Br. 6.

We conclude the Bankruptcy Court did not abuse its discretion by finding Fernandez was the alter ego of POT as evidenced by its thorough analysis of the *Colman* factors (the applicable law) to make its ruling. The Bankruptcy Court did not rely solely on Fernandez's conduct after entry of the POT Judgment, but rather evaluated Fernandez's misuse of the POT corporate form generally. Accordingly, we affirm the alter ego determination as we are not left with a definite and firm conviction the Bankruptcy Court made a clear error of judgment or exceeded the bounds of permissible choice in its analysis.

> D. *The Bankruptcy Court clearly erred by failing to analyze Fernandez's asserted initial transferee defenses and finding him co-liable for the POT Judgment.*

The Due Process Clause of the Fifth and Fourteenth Amendments of United States Constitution protects all parties from being deprived of "life, liberty, or property, without due process of law."[85] The Supreme Court has recognized procedural due process requires a party be given notice and the opportunity to be heard.[86]

In the Oral Ruling, the Bankruptcy Court specifically stated due process required it to allow Fernandez to present initial transferee defenses at trial in connection with the alter ego claims. Meaning, at trial Fernandez could assert the POT Transfers (or some of the POT Transfers) were, among other things, made for reasonably equivalent value or without intent to commit actual fraud to hinder or delay creditors—and Fernandez did. The Order, however, does not contain a detailed analysis of those defenses.

---

[85] U.S. Const. amend. V; U.S. Const. amend. XIV, § 1.
[86] *Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976).

Fernandez contends the Bankruptcy Court erred because it did not analyze and rule in the Order on the initial transferee defenses presented at trial. LuMee concedes Fernandez proffered evidence regarding the avoided transfers comprising the POT Judgment but asserts the Bankruptcy Court found it unpersuasive. LuMee contends Fernandez conflates the Bankruptcy Court's alter ego analysis with its consideration of Fernandez's defenses to the POT Proceeding. After a close review of the Order, we agree with Fernandez. The Bankruptcy Court erred by not providing adequate reasoning for its rejection of the initial transferee defenses presented by Fernandez at trial.

Federal Rule of Bankruptcy Procedure 52 mandates a trial court provide adequate reasoning in its decisions.[87] The Tenth Circuit has expressed the rationale for Rule 52 stating:

> [t]he purposes of this rule are to aid the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court, to make definite what is decided in order to apply the doctrines of estoppel and res judicata to future cases, and to evoke care on the part of the trial judge in considering and adjudicating the facts in dispute.[88]

Indeed, this Court has also observed the mandate requires courts to "find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court."[89] Sufficient factual analysis and legal reasoning enable an appellate court to conduct a "just, orderly review of the rights of the

---

[87] This rule is made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7052.

[88] *Featherstone v. Barash*, 345 F.2d 246, 249 (10th Cir. 1965).

[89] *In re Picht*, 403 B.R. 707, 712–13 (10th Cir. BAP 2009).

24

parties before [it]."[90] When findings fail to resolve in a meaningful way the basic issues of fact in dispute, they become insufficient to permit the reviewing court to decide the case, except to remand it for findings by the trial court.[91]

Adequate reasoning in a court's decision serves not only the parties, but also future litigants and appellate courts. Here, although the Bankruptcy Court afforded Fernandez the process he was due by providing him with the opportunity to present his initial transferee defenses to the POT Transfers, we conclude the Bankruptcy Court clearly erred by not providing sufficient factual analysis and legal reasoning as to its implicit rejection of those defenses in the Order. Accordingly, because this Court is unable to conduct a meaningful review of the Bankruptcy Court's conclusion regarding Fernandez's defenses, the Bankruptcy Court must further elaborate the factual basis for its ultimate conclusion Fernandez is liable to Lumee as alter ego of POT notwithstanding the initial transferee defenses raised by Fernandez.

## V.    Conclusion

For the foregoing reasons, we conclude the Bankruptcy Court did not err by denying the Summary Judgment Motions and allowing LuMee to prosecute the alter ego claims at trial and pursue Fernandez as both an initial transferee and subsequent transferee on the same avoided transfers. We also conclude the Bankruptcy Court did not abuse its discretion in concluding Fernandez is the alter ego of POT. Thus, we AFFIRM on these issues. However, because the Order does not analyze the initial transferee

---

[90] *Id.* at 713 (quoting *Chandler v. City of Dallas*, 958 F.2d 85, 89 (5th Cir. 1992)).
[91] *See Featherstone*, 345 F.2d at 250 (citing cases).

defenses to the POT Transfers leaving us with no meaningful opportunity to review the decision, we must REMAND this issue to the Bankruptcy Court for further proceedings consistent with this opinion.